IN RE APPLICATION OF GERING & COMPANY FOR LIQUOR LICENSE.

SARAH E. KERR ET AL., APPELLANTS, V. GERING & COMPANY, APPELLEE.

FILED JANUARY 9, 1911.   No. 16,743.

1. **Appeal: FINAL JUDGMENT.** A judgment of the district court dismissing an appeal from the order of a licensing board granting a druggist's permit to sell intoxicating liquors is a final judgment from which an appeal may be taken to the supreme court, and the fact that the district court assumes to direct further action by the licensing board does not deprive the aggrieved party of that right.

2. **Intoxicating Liquors: APPEAL: MOTION TO DISMISS.** The statute provides that, on an appeal from the order of the licensing board, the evidence taken before that board shall be certified to the district court, and the case be there tried and determined upon such evidence only, and, where an appeal is prosecuted from the judgment of the district court, the clerk of that court is required to certify such transcript of the evidence to the court of review. When this is properly done, a motion to dismiss the appeal for want of a bill of exceptions should be overruled.

3. **Appeal: MOOT QUESTION.** Such an appeal cannot be said to present only a moot question if heard during the term of the license or permit, unless it appears that the same has been relinquished by the applicant and canceled by the action of the licensing board.

4. **Intoxicating Liquors: LICENSE: DISCRETION OF LICENSING BOARD.** Where it is shown by competent evidence that the applicant for the permit has violated the provisions of chapter 50 of the Compiled Statutes, commonly called the "Slocumb law," during the year preceding the filing of his application, the licensing board has no discretion, but is bound to refuse him a permit; and for the district court to hold otherwise is reversible error.

APPEAL from the district court for Cass county: HARVEY D. TRAVIS, JUDGE. *Reversed with directions.*

*A. G. Wolfenbarger* and *John M. Leyda,* for appellants.

*Matthew Gering, contra,*

BARNES, J.

This is an appeal in the matter of an application for a druggist's permit to sell intoxicating liquors. It appears that on the 5th day of April, 1910, Henry Gering & Company made an application to the mayor and city council of Plattsmouth for a permit to sell malt, spirituous and vinous liquors in that city for medicinal, mechanical and chemical purposes during the ensuing year; that on the 25th day of April, following, a remonstrance was filed against the application charging the applicant with a violation of the liquor law during the previous year, in that the applicant had failed, neglected and refused to file any report of his sales of intoxicating liquors during that time under the druggist's permit granted to him for the year 1909; that in due time there was a hearing before the said council. The remonstrance was overruled and the permit was issued. The remonstrators appealed to the district court, where the appeal was dismissed, and from that order they have appealed to this court. Hereafter they will be called the plaintiffs, and the applicant will be designated as the defendant.

The defendant has filed a motion to dismiss the appeal, and that question is first in order for our determination. The motion is based on three grounds: (a) That the judgment of the district court was not a final judgment; (b) that the record contains no bill of exceptions; and (c) that the defendant has disposed of his drug store, and therefore the record presents only a moot question. These contentions will be considered in the order in which they are stated.

It appears that when the plaintiffs perfected their appeal to the district court the city council failed to cancel or withhold the defendant's permit, and such proceedings were had that the district court required them to take such action. Thereafter the district court upon the hearing rendered a judgment dismissing the appeal in the words and figures following: "Now on this 24th day of

May, A. D. 1910, the court finds, on question of law arising in the case on the undisputed facts material to the issues joined, in favor of the respondent and against the appellants. The appeal is dismissed and the matter remanded to the city council for such action as the council may see fit to take. The permit having been revoked by order of this court is not to be issued except on the further action of the city council. Appellants except." The dismissal of the appeal contained in the foregoing order was a final disposition of the case so far as the district court was concerned. That court had nothing more to do with it and could make no further order therein after dismissing the appeal. It was therefore an appealable order, and authorized the plaintiffs to bring the case to this court for review. That portion of the order following the dismissal of the appeal, by which the district court attempted to direct the city council as to further proceedings, could not deprive the plaintiffs of their right to appeal. The dismissal of the plaintiffs' appeal had the legal effect of reinstating the defendant's permit, and if the city council had thereafter refused to issue it they could have been compelled to do so by mandamus.

Defendant's contention that the record contains no bill of exceptions is beside the mark. The statute provides that, where an appeal is taken in such cases to the district court, the city council or the licensing board shall transmit to the district court a certified copy of all of the evidence taken upon the hearing, and the cause shall be tried and disposed of upon such evidence only. The record discloses that the evidence taken before the city council in this case was properly certified to the district court. The record here contains a transcript of that evidence, and the clerk of the district court has appended thereto his certificate in the manner provided by law. This constitutes the only bill of exceptions necessary to invest this court with jurisdiction to review the judgment of the district court.

The contention that the record presents only a moot

question cannot be sustained. When the district court dismissed the plaintiffs' appeal the defendant was entitled to his permit, and it appears that for some time thereafter he enjoyed its benefits. If it be a fact that defendant has disposed of his stock of drugs to another who is conducting the business in the same building formerly used by him for that purpose, that fact does not prevent him from repurchasing the stock or again engaging in the business in the same building and making sales of intoxicating liquors under the terms of his permit. It is not shown that the permit has been relinquished, nor has it been canceled by the city council. It further appears that this case was advanced under the rule in order to secure the plaintiffs the benefit of their appeal; that the permit in question will not expire until April, 1911, and therefore it cannot be said that in deciding this case we would only be deciding a moot question.

The defendant has not favored us with a brief, but was permitted to argue the case orally. Upon such argument it was further contended that there was no competent evidence in the record tending to show that the defendant had sold any intoxicating liquors under the permit issued to him for the year 1909. An examination of the testimony, as certified to this court, shows that the defendant, both in cross-examination of the plaintiffs' witnesses and upon his direct examination of his own, clearly established the fact of such sales. This being the case, it was necessary for him to file a report of such sales at the times and in the manner provided by section 7176, Ann. St. 1909, and his failure to do so is not disputed. This was a direct violation of the provisions of the liquor law. By section 7152, Ann. St. 1909, it is provided: "If there be any objection, protest, or remonstrance filed in the office where the application is made against the issuance of said license, the county board shall appoint a. day for hearing of said case, and if it shall be satisfactorily proven that the applicant for license has been guilty of the violation of any of the provisions of this act within

the space of one year, or if any former license shall have been revoked for any misdemeanor against the laws of this state, then the board shall refuse to issue such license." It follows that the city council had no discretion in the matter, and the defendant's application should have been denied. *In re Adamek*, 82 Neb. 448; *State v. Kaso*, 25 Neb. 607.

For the foregoing reasons, we are of opinion that the district court erred in dismissing plaintiffs' appeal. The judgment of that court is therefore reversed, and it is ordered that the permit in question be canceled.

JUDGMENT ACCORDINGLY.