WILLIAM B. BANNING ET AL., APPELLEES, V. FRANK MARSH, SECRETARY OF STATE, APPELLEE: WILLIAM D. HEFLIN, INTERVENER, APPELLANT.

FILED DECEMBER 9, 1932. No. 28518.

*Arthur F. Mullen* and *Harold W. Felton;* for appellant.

*Hall, Cline & Williams* and *Sterling F. Mutz, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

This suit was brought to enjoin the secretary of state from placing on the ballot a referendum on chapter 107, Laws 1931. The validity of the signatures to the referendum petition was questioned. The appellant intervened as a taxpayer and alleged that the law was unconstitutional for that it violated the Fourteenth Amendment of the federal Constitution and section 3, art. I of the Nebraska Constitution. The trial court entered a decree finding that the referendum petition did not contain a sufficient number of valid signatures, distributed as required by law, to subject the legislative enactment to a vote. There is no appeal from this part of the decree. The trial court also found that the enactment was a constitutional exercise of the legislative power, although properly holding that its constitutionality was not involved in this case.

The appellant prosecutes this appeal to secure a determination by this court of the constitutionality of the law. The right of the intervener to challenge the constitutionality of this act is grounded upon his interest as a taxpayer to prevent additional tax burdens by a referendum upon an unconstitutional statute. It is the appellant's contention, to quote from his brief, "that taxpayers of the state should not be required to pay the expense incident to having a referendum of an unconstitutional

statute." However, since the decision of the trial court from which no appeal was taken, the appellant was not threatened with this expense for that the trial court, finding that the referendum petition was insufficient, enjoined the secretary of state from placing the referendum ballot title on the official ballot. The constitutional question then became a moot question. It is not within the province of this court to determine abstract, hypothetical, and moot questions. *Kerr v. Gering & Co.,* 88 Neb. 192; *Ververka v. Fullmers,* 83 Neb. 6; *Heesch v. Snyder,* 85 Neb. 778; *State v. Armstrong,* 94 Neb. 592.

This court cannot determine the question presented by the briefs under what is known as the declaratory judgments act, for sections 20-21,140 to 20-21,155, Comp. St. 1929, apply only to actions where there is an actual controversy and where only justiciable issues are presented by proper parties. *Lynn v. Kearney County,* 121 Neb. 122; *Washington-Detroit Theater Co. v. Moore,* 249 Mich. 673, 68 A. L. R. 105; *Lyman v. Lyman,* 293 Pa. St. 490; *Post v. Metropolitan Casualty Ins. Co.,* 237 N. Y. Supp. 64; *Garden City News v. Hurst,* 129 Kan. 365. In the case at bar, there is no controversy between the parties and no justiciable issues presented. There can be no actual controversy between the secretary of state and the appellant in this matter. The only duty devolving upon said officer relative to this law was, if the referendum petition was sufficient, to place the question on the ballots at the general election. The secretary of state is not a law-enforcing officer, and the appellant does not allege in his petition of intervention that the defendant will or threatens to enforce said law to his prejudice. The secretary of state, under the decision of the trial court from which no appeal was taken, could not place the ballot title for a referendum for such measure on the official ballot. The question of the constitutionality of the act therefore becomes one that is abstract, hypothetical, and moot.

The determination of the constitutionality of the act

was not necessary to the determination of the issues in this case wherein the issue was whether or not the referendum ballot title should be placed on the official ballot by the secretary of state. Since that issue was determined upon the insufficiency of the referendum petition, the constitutionality of the statute was not necessary to a determination of the issues in the case. The constitutionality of a statute will not be determined unless necessary to proper disposition of a pending case. *Omaha Grain Exchange v. Spillman,* 118 Neb. 729; *State v. Fulton,* 118 Neb. 400; *War Finance Corporation v. Thornton,* 118 Neb. 797; *Lane v. State,* 120 Neb. 302; *Knowlen v. Lahr Motor Sales Co.,* 59 N. Dak. 404; *Rowe v. Stanley County,* 52 S. Dak. 516; *In re Friedman,* 183 Minn. 350; *New York Life Ins. Co. v. Burbank,* 209 Ia. 199.

The wisdom of the foregoing rules is exemplified by this case. Although able attorneys appear as counsel, oral argument was waived. It will be time to pass upon so important a question as the constitutionality of chapter 107, Laws 1931, when it is presented to the court upon adequate argument in a case between parties with an actual controversy and presenting only justiciable issues.

Since it appears that the questions presented upon the appeal have become moot, it is ordered that the appeal be dismissed.

APPEAL DISMISSED.