212 N.W.2d 633 (1973)
190 Neb. 795
KANSAS-NEBRASKA NATURAL GAS COMPANY, INC., a corporation, Appellee,
v.
Robert K. WILES, Appellant.
No. 39015.
Supreme Court of Nebraska.
November 30, 1973.
*635 Robert E. O'Connor, Omaha, for appellant.
James D. Conway, E. J. Jackson, Robert A. Miller, Jr., Hastings, for appellee.
Heard before SPENCER, BOSLAUGH, SMITH and CLINTON, JJ., and C. THOMAS WHITE, District Judge.
C. THOMAS WHITE, District Judge.
Plaintiff, Kansas-Nebraska Natural Gas Company, a Kansas corporation, duly authorized to do business in the State of Nebraska, engaged in the business of transmission, distribution, and sale of natural gas in the State of Nebraska and in the City of Harvard, Nebraska, brought this action in the District Court for Clay County to enjoin its employee, the defendant Robert K. Wiles, from serving on the city council as a councilman of the City of Harvard, Nebraska.
There is no dispute as to the facts. The record shows that for some time prior to August 25, 1970, the plaintiff, hereinafter referred to as Kansas-Nebraska, was engaged in the transmission and distribution of gas in the City of Harvard and was the holder of a franchise awarded by the City of Harvard. On August 25, 1970, Robert K. Wiles, hereinafter referred to as Wiles, was appointed as a councilman of the City of Harvard and at all times since that date has served as said councilman except as prevented by the order of the District Court. Kansas-Nebraska in its petition alleges that Wiles, as an employee and serviceman of Kansas-Nebraska, had interests which were adverse to and in conflict with his duties as a councilman and that his service as a member of the city council placed Kansas-Nebraska's franchise in violation of the then section 17-611, R.R.S. 1943. Kansas-Nebraska alleged that it had requested Wiles to resign, that he had refused to do so, and prayed the court for a temporary and permanent injunction prohibiting Wiles from serving as a member of the city council of Harvard, Nebraska. The trial court, after trial, entered an order permanently enjoining Wiles from serving as an officer of the city council of Harvard, Nebraska. Wiles appeals.
Significant legislative changes in the applicable statutes have taken place since this case was heard by the trial court.
Original section 17-611, R.R.S.1943, provided in part that: "No officer of any city or village shall be interested, directly or indirectly, in any contract to which the corporation or anyone for its benefit is a party, when the consideration for the same is in an amount in excess of two thousand dollars in any one year. . . ." The section was amended in 1971 to provide: "Except as provided in section 70-624.04, no officer of any city or village shall be interested, directly or indirectly, in any contract to which the corporation or anyone for its benefit is a party, when the consideration for the same is in an amount in excess of ten thousand dollars in any one year. . . ."
Section 70-624.04, R.R.S.1943, passed in 1971, provided that: "Officers and employees of public power districts and public power and irrigation districts shall be permitted to serve as officers or employees of cities of the first class, cities of the second class . . . . No contracts of any such public power district or public power and irrigation district shall be void or *636 voidable by reason of such service by its officers or employees."
This case was heard, October 24, 1972. A decree was filed on February 20, 1973. Motion for new trial was overruled on February 21, 1973.
L.B. 559, passed by the 1973 Legislature, amended section 70-624.04, R.R.S.1943, to provide that: "Officers and employees of public power districts, public power and irrigation districts, and public utility companies shall be permitted to serve as officers or employees of cities of the first class, cities of the second class . . . . No contracts of any such public power district, public power and irrigation district, or public utility company shall be void or voidable by reason of such service by its officers or employees." (Emphasis supplied.) L.B. 559 became effective on September 2, 1973.
It now appears that the service by Wiles on the city council of Harvard, Nebraska, does not endanger any contract with Kansas-Nebraska, and that the matter is now moot, unless as urged by Kansas-Nebraska, L.B. 559 does not include natural gas distribution companies in the phrase "public utility companies," or that L.B. 559 is unconstitutional.
Kansas-Nebraska fits the classical description of a public utility company and was plainly intended to be covered by the provisions of L.B. 559. Kansas-Nebraska in its petition alleges that it is a public utility. A public utility has been defined as a business which regularly supplies the public with some commodity or service such as electricity, gas, water, transportation, or telephone or telegraph service. 73 C.J.S. Public Utilities § 1, p. 990.
It is not within the province of the Supreme Court to determine moot questions. Banning v. Marsh, 124 Neb. 207, 245 N.W. 775.
Kansas-Nebraska's first contention is without merit.
It is obvious that the trial court has never had an opportunity to determine the question of the constitutionality of L.B. 559. This issue is raised for the first time in this court, and then only by passing reference in the brief of Kansas-Nebraska. We are urged in the event that we determine, as we have, that L.B. 559 does not prohibit contracts with the City of Harvard, Nebraska, to remand the matter to the District Court for the determination of that issue. There are grave reasons why we cannot do so. These concern the nature of the action.
Counsel for the parties have not cited any case, nor has our research discovered any case, where an employer has been permitted to enjoin the service by one of its employees on the council or board of a municipal corporation on the ground that such service might invalidate the employer's contract with the municipal corporation.
It is to be observed that municipal corporations are legislative creations, and that the Legislature, within constitutional limitations, prescribes their boundaries, power, and the qualifications for office of their governing officers, as well as prescribe the methods and grounds for removal from office. Belgum v. City of Kimball, 163 Neb. 774, 81 N.W.2d 205, 62 A.L. R.2d 1295; Marsh v. Village of Trenton, 92 Neb. 63, 137 N.W. 981; Redell v. Moores, 63 Neb. 219, 88 N.W. 243.
It is the function of the judiciary to determine the factual questions raised when a proper petition for removal for violation of a specific statutory provision providing for removal is presented. It is not the function of the judicial branch to supply additional grounds for removal. Such authority properly rests with the Legislature.
*637 The choice of the form of relief sought was the plaintiff's. Kansas-Nebraska is still free to avail itself of the provisions of the Uniform Declaratory Judgments Act.
The controversy between the parties being moot and the relief prayed for beyond the power of this court to grant, the judgment is reversed and the cause remanded with directions to dismiss the petition.
Reversed and remanded with directions.