MARIAN TORREY, APPELLEE, V.
GLEN W. TORREY, APPELLANT.

298 N.W.2d 154

Filed October 31, 1980.   No. 43064.

John P. Murphy of Ruff & Murphy for appellant.

Paul E. Hofmeister of Van Steenberg, Brower, Chaloupka, Mullin & Holyoke for appellee.

Heard before KRIVOSHA, C.J., McCOWN, and WHITE, JJ., and COLWELL and HUBER, District Judges.

PER CURIAM.

On August 3, 1978, the appellant and appellee were divorced by decree of the District Court for Scotts Bluff County, Nebraska. Provisions were made in the decree for both alimony and child support. On August 27, 1979, the appellee filed an application for citation for contempt, alleging that appellant was in arrears on both alimony and child support payments. On August 27, 1979, the Honorable Robert O. Hippe, one of the district judges in and for the 17th Judicial District, signed an order to show cause directing appellant to appear on the 18th day of September, 1979, to show cause why he should not be held in contempt.

On September 18, 1979, hearing was had and, as a result of that hearing, the court found appellant in contempt of court and sentenced appellant to 30 days in the Scotts Bluff County jail, provided, however, that the appellant be permitted to purge himself of contempt by making a $500 additional alimony or child

support payment for September and a like amount for October and November and, in addition thereto, on or before November 30th, have all arrearage of the child support or alimony paid to date and pay the attorney fees ordered on August 3, 1978.

Appellant maintained that, while he may be delinquent in alimony, he was not delinquent in child support and that his failure to pay the alimony was not willful. At the hearing before this court on appeal, we were advised by counsel for the appellant that, while the appeal was pending before this court, appellant voluntarily surrendered himself to the sheriff of Scotts Bluff County, Nebraska, and served the entire 30 days ordered by the court. The sentence, therefore, has been accepted by the appellant and served in full. The matter is obviously now moot and nothing we could do in this case could return to the appellant the time he has already served in full compliance with the court's order if, in fact, he was so entitled. There being no relief which this court can grant appellant, there is nothing which can be appealed. See *School Dist. No. 65 v. McQuiston*, 163 Neb. 246, 79 N.W.2d 413 (1956). It is not within the province of the Supreme Court to determine moot questions. *Kansas-Nebraska Nat. Gas Co., Inc. v. Wiles*, 190 Neb. 795, 212 N.W.2d 633 (1973); *Banning v. Marsh*, 124 Neb. 207, 245 N.W. 775 (1932). The matter now being moot, the appeal must be dismissed. It is so ordered.

APPEAL DISMISSED.