GARY LEE THOMAS, APPELLANT, V. GAIL THOMAS, APPELLEE, SANTEE SIOUX TRIBE OF NEBRASKA, A FEDERALLY RECOGNIZED INDIAN TRIBE, ET AL., INTERVENORS-APPELLEES.

453 N.W.2d 752

Filed April 20, 1990.   No. 89-488.

Mary Lee Skaff for appellant.

John Thomas, Knox County Attorney, for intervenor-appellee State of Nebraska.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This is an appeal from an order of the Knox County District Court declining jurisdiction in a child custody dispute and enforcing a visitation agreement from the Coeur d'Alene Tribal Court.

Gail Thomas and the appellant, Gary Lee Thomas, were married in Yankton, South Dakota, in 1980. On July 22, 1986, a petition for dissolution of marriage was filed in the Knox County District Court. The petition alleged that three minor children were born of the marriage and that the children had lived in Bloomfield, Nebraska, during the preceding 5 years, although two of the children were living in Washington at the time of the filing. On January 9, 1987, a decree was filed in the Knox County District Court dissolving this marriage. Paragraph 5 of the decree provided that

the Tribal Court for the Spokane Tribe of Indians of the Spokane Indian Reservation of Washington has exercised jurisdiction over said minor children and each of them, and that said minor children are wards of that court. For that reason this Court, pursuant to §43-1504 of the Revised Statutes of Nebraska, declines to exercise jurisdiction over said minor children for all matters pertaining to custody, including the rights of visitation and child support.

It appears from the record that the parties to the dissolution requested that the Knox County District Court decline jurisdiction. It further appears from the record that the parties agreed that the Spokane Tribal Court should have jurisdiction. Neither party to the dissolution appealed from the decree.

Prior to entry of the decree, on October 20, 1986, the Spokane Tribal Court, at the request of Gail Thomas, granted temporary custody of the children to Dan and Mildred Iyall, the children's maternal grandparents. Her petitions alleged that the tribal court had jurisdiction over the children because they were

wards of that court. It is not clear from the record the basis upon which the Spokane Tribal Court determined it had jurisdiction to determine custody. Gail Thomas died in 1987.

On March 25, 1988, the Spokane Tribal Court ordered, pursuant to an "Agreed Order to Transfer Indian Child Custody Proceedings," that jurisdiction of all custody matters, including the October 20 order, be transferred to the Tribal Court of the Coeur d'Alene Tribe of Idaho, upon certification from that tribe that it has jurisdiction over such matters. The Coeur d'Alene Tribal Court certified jurisdiction, and the matter was transferred to that court. Although appellant's signature did not appear on the "Agreed Order to Transfer Indian Child Custody Proceedings," in August 1988, he filed, through counsel, written notification in the Coeur d'Alene Tribal Court that he would not contest that court's jurisdiction with regard to the custody matters.

We note here that the Coeur d'Alene Tribal Court has certified that all three children are members of the Coeur d'Alene Tribe. The Coeur d'Alene Tribe has also stated that it has subject matter jurisdiction to hear the custody proceedings and that it has personal jurisdiction over all parties involved. The children are also members of the Santee Sioux Tribe of Nebraska. The Santee tribe intervened in the custody proceedings in Nebraska, but the Knox County District Court declined to entertain the petition in intervention. Upon the tribe's motion, its appeal to this court was dismissed.

In the Coeur d'Alene Tribal Court, appellant and the Iyalls entered an "Agreed Order for Visitation," allowing the children to return to Nebraska for a short time. This order provided that the visit to Nebraska would be from December 19 to December 30, 1988. The children were to arrive and depart by airplane, and while in Nebraska they were to be under the exclusive care and control of Albert and Linda Thomas, appellant's parents. Appellant and the Thomases signed the December 15, 1988, order, agreeing to abide by its terms.

The children arrived in Nebraska on December 19, but were not returned to the Iyalls on December 30, as required by the terms of the visitation agreement. The Iyalls sought relief in the Coeur d'Alene Tribal Court. That court, on January 4, 1989,

ordered appellant and Albert and Linda Thomas to show cause why they should not be held in contempt for failure to obey the December 15 agreed-to order for visitation.

A telephone hearing was held on January 11, 1989. The court found that it had subject matter jurisdiction over the proceedings, and further found that it had personal jurisdiction over all parties. The court ordered that if appellant did not return the children by January 12, appellant and Albert and Linda Thomas would be held in contempt. The children were not immediately returned.

On January 11, the Knox County Attorney filed a motion in the Knox County District Court, requesting the court to enforce the agreed-to order of visitation and send the children back to the Iyalls. The matter was heard on January 18, 1989. Martha, Albert, and Linda Thomas appeared in person. Martha Thomas is appellant's sister. Appellant was not present. Evidence presented at that hearing showed that the children were living with Martha Thomas at the request of appellant, who wanted her to keep the children until he was released from incarceration. Appellant was serving a 6-month sentence that had commenced December 28, 1988, in the Knox County jail for driving while intoxicated, driving during a period of suspension, and operating a motor vehicle to avoid arrest. Both Albert and Martha Thomas admitted they violated the visitation order at appellant's request.

The court found that appellant has recognized the jurisdiction of the Coeur d'Alene Tribal Court and that Albert, Linda, and Martha Thomas have recognized that court's jurisdiction to the extent of the December 15 visitation order. The court gave that order full faith and credit "so far as a temporary order is concerned." The court further found that it would be in the best interests of the children that temporary custody of the children be returned to the Iyalls and ordered the Thomases to return the children to the temporary custody of the Iyalls. The court continued the matter to a later date, allowing the parties to respond fully.

On February 14, 1989, appellant filed a motion in the Knox County District Court, asking the court to vacate the January 18 order, enter a declaratory judgment that custody orders from

the Coeur d'Alene Tribal Court and the Spokane Tribal Court are not entitled to full faith and credit, enjoin the Iyalls from initiating proceedings based on the agreed-to order of visitation, order the Iyalls to return the children to appellant, and award the Santee tribe attorney fees.

The matter was heard on March 21. Appellant was present with counsel. Martha Thomas testified that the children had been returned to the Iyalls. The court found that the Nebraska Indian Child Welfare Act was inapplicable. The court found that it did not assume jurisdiction on January 18, but "purely and simply acted to give full faith and credit to the 'Agreed Order of Visitation' entered by the Coeur D' Alene Tribal Court, insofar as a temporary order was concerned."

The court further found that the Knox County District Court was an inconvenient forum under the provisions of Neb. Rev. Stat. § 43-1207 (3)(a), (b), (c), (d), and (e) (Reissue 1988) and that

the Coeur D' Alene Tribal Court is the more appropriate forum to make a custody determination, in that all of the interested parties have recognized that the Coeur D' Alene Tribal Court has personal jurisdiction and further that all of the interested parties, except the Santee Sioux Tribe of Nebraska, have recognized that the Coeur D' Alene Tribal Court has subject matter jurisdiction.

The court also declined jurisdiction under Neb. Rev. Stat. § 43-1208 (Reissue 1988) because appellant, in directing the Thomases to retain possession of the children in violation of the visitation agreement, had engaged in reprehensible conduct.

In addition, the court declined to exercise jurisdiction because appellant

failed to exhaust [his] Tribal Court remedies regarding the existence and extent of the subject matter jurisdiction of the Coeur D' Alene Tribal Court and the District Court of Knox County, Nebraska relied upon the authority of *National Farmers Union Insurance Companies v. The Crow Tribe of Indians, et. al.*, 471 U.S. 845, 85 L.Ed.2d 818, 105 S.Ct. 2447 (1985).

The court further declined to exercise jurisdiction with respect to appellant's February 14 motion seeking injunctive

134

relief, a declaratory judgment, the return of the children to Nebraska, and attorney fees and costs.

It is from this order that Gary Thomas appeals to this court, assigning as error that the court erred in finding that the Nebraska Indian Child Welfare Act was inapplicable, that the court erred in granting full faith and credit to the agreed-to order for visitation, that the court erred in finding that appellant violated the visitation order and caused his parents and sister to violate the order, and that the court erred in concluding that the appellant had to exhaust tribal remedies before appealing to another court.

We do not reach the merits of appellant's contentions. The children who are the subject of this dispute have been returned to the Iyalls. The matter is therefore moot. This court does not render advisory opinions, but simply decides cases and controversies. See *Gas 'N Shop v. State*, 234 Neb. 309, 451 N.W.2d 81 (1990). Accordingly, the order of the Knox County District Court is affirmed.

AFFIRMED.