STATE OF NEBRASKA, APPELLANT, V. CHARLES RAYMOND MCCORMICK ET AL., APPELLEES.

523 N.W.2d 697

Filed November 18, 1994.   Nos. S-93-1065, S-93-1066, S-93-1067.

Michael D. Wellman, Sarpy County Attorney, for appellant.

Chris M. Arps for appellees McCormick and David Eugene Hall.

Carl I. Klekers for appellee Bryle Edward Radden.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and BOSLAUGH, J., Retired.

WHITE, J.

This case involves three codefendants, Charles Raymond McCormick, David Eugene Hall, and Bryle Edward Radden. On June 11, 1993, at a hearing on defendants' motions for new trial, the district court for Sarpy County ordered the State to disclose the name of a confidential informant the State used in the prosecution of the defendants. The State refused and timely appealed the district court's order to the Nebraska Court of Appeals. The Court of Appeals denied, without comment, the State's application by prosecutor for leave to docket error proceedings. This court granted the State's petition for further review.

On August 25, 1993, the district court denied the defendants' motions for new trial, and the defendants appealed. That appeal was the subject of State v. McCormick and Hall, ante p. 271, 518 N.W.2d 133 (1994) (McCormick and Hall I), and State v. Radden, ante p. 286, 518 N.W.2d 143 (1994) (Radden I), and will be discussed hereafter. The State alleges, in the appeal now before this court, that the district court abused its discretion in failing to acknowledge the State's privilege to withhold the identity of persons who furnish information to law enforcement agencies pursuant to Neb. Rev. Stat. § 27-510 (Reissue 1989). These cases are consolidated by order of the court, the records in the three cases being virtually identical.

The facts of these cases can be found in *McCormick and Hall I* and *Radden I* and will not be repeated here. The principal issue in *McCormick and Hall I* and *Radden I* was whether the district court erred in overruling the defendants' motions for new trial based on newly discovered evidence. The alleged newly discovered evidence that the defendants claimed warranted them a new trial was the name and criminal history of the confidential informant. This court held in *McCormick and Hall I* and *Radden I* that the district court correctly denied defendants' motions for new trial because (1) the name and criminal history of the confidential informant was not material enough to warrant a new trial and would not have changed the result of the trial, and (2) defense counsel failed to exercise reasonable diligence prior to the trial to discover and produce evidence that may have indicated that the confidential informant's evidence was inadmissible pursuant to Neb. Rev. Stat. § 29-2262.01 (Reissue 1989).

Section 29-2262.01 provides that an informant who is either in jail, on probation, or on parole cannot act as either an undercover agent or an employee of a law enforcement agency, and any evidence derived from an informant in violation of this section is inadmissible. The defendants were aware, prior to trial, that the confidential informant was on probation at the time he gave the information to the police and that the informant was not paid to do so. Defendants' knowledge of the confidential informant's name would not have made evidence derived from the informant any more likely to be excluded under § 29-2262.01, and thus we found that defendants were not entitled to a new trial. The defendants had the necessary information to challenge the admissibility of the informant's evidence prior to and during the trial, but failed to adequately do so. We also refused to entertain defendants' appeals of the judgments because those appeals were not timely filed. *McCormick and Hall I, supra*.

Our decisions in *McCormick and Hall I* and *Radden I* essentially make the issue in the case now before us moot. A case becomes moot when issues initially presented in litigation cease to exist or the litigants lack a legally cognizable interest in the outcome. *Duggan v. Beermann*, 245 Neb. 907, 515 N.W.2d

788 (1994); *Maack v. School Dist. of Lincoln*, 241 Neb. 847, 491 N.W.2d 341 (1992). A moot case is one which seeks to determine a question which does not rest upon existing facts or rights, in which the issues presented are no longer alive. *Employers Reins. Corp. v. Santee Pub. Sch. Dist. No. C-5*, 231 Neb. 744, 438 N.W.2d 124 (1989); *Mullendore v. School Dist. No. 1*, 223 Neb. 28, 388 N.W.2d 93 (1986).

Since this court decided in *McCormick and Hall I* and *Radden I* that (1) the identity of the confidential informant would not entitle the defendants to a new trial; (2) the defendants failed to timely appeal the judgments; and (3) the defendants cannot now show a legally cognizable interest in the outcome of this appeal, the issue the State now appeals is moot.

This court does not render advisory opinions, but decides cases and controversies. *Thomas v. Thomas*, 235 Neb. 129, 453 N.W.2d 752 (1990). It is not within the province of the Supreme Court to determine moot questions. *Torrey v. Torrey*, 207 Neb. 246, 298 N.W.2d 154 (1980). Having decided that the issue presented to this court on appeal is now moot, we shall not discuss its merits. The district court's order has become a nullity due to our decisions in *McCormick and Hall I* and *Radden I*.

APPEAL DISMISSED.

WRIGHT, J., not participating.