LARRY KRAMER, CHARLES VENDITTE, AND RON BRISCOE, IN THEIR OFFICIAL CAPACITIES AS TRUSTEES OF THE CITY OF OMAHA POLICE AND FIREMEN'S RETIREMENT SYSTEM, ET AL., APPELLANTS, V. WILLIAM MISKELL, GEORGE IRELAND, LEE TERRY, AND RAY HASIAK, IN THEIR OFFICIAL CAPACITIES AS TRUSTEES OF THE CITY OF OMAHA POLICE AND FIREMEN'S RETIREMENT SYSTEM, ET AL., APPELLEES.

544 N.W.2d 863

Filed March 22, 1996. No. S-94-225.

John P. Fahey and, on brief, Mary P. Clarkson and Robert W. Kortus, of Broom, Johnson, Fahey & Clarkson, for appellants.

James E. Fellows and Kent N. Whinnery, Deputy Omaha City Attorneys, for appellees Miskell et al.

Gary J. Nedved, of Bruckner, O'Gara, Keating, Hendry, Davis & Nedved, P.C., for appellee Mary Robbins.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

CAPORALE, J.

Designating their petition as one both in error and in equity, the plaintiffs–appellants, Larry Kramer, Charles Venditte, and Ron Briscoe, in their official capacities as members of the board

of trustees of the City of Omaha Police and Firemen's Retirement System, and Tom Moen and Mark Lloyd, as members and beneficiaries of the system, on their own behalf and on behalf of others similarly situated, seek a declaration that the defendant–appellee Mary Robbins, a member and beneficiary of the system, was wrongly awarded disability pension benefits through the improvident votes of the defendants–appellees William Miskell, George Ireland, Lee Terry, and Ray Hasiak, acting in their official capacities as the other members of the board of trustees. The plaintiffs seek as well to temporarily and permanently enjoin the payment of any benefits to Robbins and also seek an order requiring the system to reconsider the matter in a proceeding free of conflicting interests. Robbins moved to strike the petition in its entirety on the ground that it constituted an impermissible collateral attack on the decision of the board of trustees. The trial judge sustained the motion and, after the plaintiffs elected to stand thereon, dismissed the pleading. Asserting that the trial judge erred in (1) sustaining Robbins' motion, (2) dismissing the petition, and (3) prejudging other aspects of the case, the plaintiffs appealed to the Nebraska Court of Appeals. We, on our own motion, in order to regulate the caseloads of the two courts, removed the matter to this court. We now reverse, and remand for further proceedings.

Whether a motion to strike a petition should be sustained and whether a petition should be dismissed clearly are questions of law. See *State ex rel. Goodnow v. O'Phelan*, 6 Wash. 2d 146, 106 P.2d 1073 (1940) (motions to compel election of remedies, to make more definite and certain, and, under certain circumstances, to dismiss present questions of law). On questions of law, a reviewing court has an obligation to reach its own conclusions independent of those reached by the lower courts. *Pettit v. State, post* p. 666, 544 N.W.2d 855 (1996).

According to the petition, the system, acting by and through its board of trustees, granted disability pension benefits to Robbins, a firefighter employed by the City of Omaha, the remaining defendant–appellee. The defendant trustees voted to grant the benefits, the plaintiff trustees to deny it.

The petition advances four bases for relief. The first rests on the claim that the award of disability pension benefits was contrary to the rules of the system because the back injury Robbins claims to have suffered did not arise out of and in the course of her employment with the city. The second rests on the claim that in some unspecified way the defendant trustees violated their fiduciary duties to the system. The third rests on the claim that the defendant trustees violated their fiduciary duties through a conflict of interest created by holding positions with the city, which has a financial interest adverse to that of the system because of a civil rights lawsuit pending between Robbins and her supervisor said to arise out of the event resulting in Robbins' claim for disability benefits. The fourth rests on the claim that the defendant trustees violated their fiduciary duty by accepting legal advice from the conflict-tainted attorneys for the city.

In addressing the issues presented in the first assignment of error, the claim that the trial judge erred in sustaining Robbins' motion to strike the petition, it must be recalled as an initial matter that in this state, pleading practice is controlled by statute. *Lammers Land & Cattle Co. v. Hans*, 213 Neb. 243, 328 N.W.2d 759 (1983).

The only pleadings generally allowed are (1) the petition by the plaintiff, (2) the answer or demurrer by the defendant, (3) the demurrer or reply by the plaintiff, and (4) the demurrer to the reply by the defendant. Neb. Rev. Stat. § 25-803 (Reissue 1989). However, two specific statutory provisions permit the filing of a motion to strike: Neb. Rev. Stat. §§ 25-833 and 25-913 (Reissue 1989). The first of these statutes provides:

> If redundant, scandalous or irrelevant matter be inserted in any pleading, it may be stricken out on motion of the party prejudiced thereby; and when the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment.

§ 25-833. The second statute reads: "Motions to strike pleadings and papers from the files may be made with or without notice, as the court or judge shall direct." § 25-913.

We have held that thereunder, a motion to strike may be directed to "a petition filed in violation of a court's order or a rule of practice or procedure prescribed either by statute or by the court in which the petition is filed." *Hecker v. Ravenna Bank,* 237 Neb. 810, 823, 468 N.W.2d 88, 98 (1991).

Robbins' motion does not address any redundant, scandalous, or irrelevant allegations in the petition, nor does it seek to have the petition made more definite and certain. Thus, the motion does not fall within the purview of § 25–833. As there is no indication that the petition was filed in violation of a court order or a rule of practice, neither can it be said that the motion falls within the purview of § 25–913.

Robbins' contention that the plaintiffs' petition presents an impermissible collateral attack on the board's decision is properly raised by a demurrer, not a motion to strike. See Neb. Rev. Stat. § 25–806 (Reissue 1989). Because a motion to strike is not a substitute for a demurrer, *Hecker, supra,* the trial judge clearly erred in sustaining the motion.

The second assignment of error calls into question the trial judge's dismissal of the dual–faceted petition. We are at a loss to understand how striking an entire petition differs from dismissing the action. Can an action exist if there is no petition which initiates it? Obviously not; indeed, to ask that question is to illustrate the folly of fashioning one's own system of pleading.

In reality, the issues argued in connection with this assignment of error in essence concern whether the petition properly pleads a basis for relief in error, whether it properly pleads one or more bases for relief in equity, and whether all such bases may be pled in a single petition by some or all of the plaintiffs against some or all of the defendants. Having determined that the trial judge erred in striking the petition, those issues are not properly before us at this time.

Since it is not the office of this court to render advisory opinions, *State v. McCormick,* 246 Neb. 890, 523 N.W.2d 697 (1994), we decline to consider those issues.

The claim in the third and final assignment of error, that the trial judge erred as well by prejudging other aspects of the case, stems from the view the trial judge is said to have expressed

concerning what might constitute the appropriate record in the case and the view she expressed as to what would be the appropriate ruling in the pending demurrer of the city. The plaintiffs further urge that by virtue of said prejudgments, the trial judge should be disqualified from further participation in this litigation.

The issues presented by this assignment of error are also premature. As there have been no proceedings before the trial judge since she dismissed the petition, there has been neither a need nor an opportunity to first present to the trial judge the question of whether she should recuse herself. See *Jim's, Inc. v. Willman*, 247 Neb. 430, 527 N.W.2d 626 (1995) (recusal motion initially addressed to discretion of judge to whom motion directed). Accord *State v. Richter*, 240 Neb. 913, 485 N.W.2d 201 (1992).

The judgment of the trial judge is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.