595 N.W.2d 263 (1999)
257 Neb. 36
Ray D. NUSS and Sandra Fox, Special Administrators For and on Behalf of the ESTATE OF Curtis M. NUSS, deceased, Appellants,
v.
Eugene M. ALEXANDER, Appellee.
No. S-97-800.
Supreme Court of Nebraska.
June 4, 1999.
*264 Darrell K. Stock, of Snyder & Stock, and, on brief, Lyle Joseph Koenig, of Koenig & Stover, P.C., Lincoln, for appellants.
Jeffrey L. Stoehr, of Biggs & Stoehr, for appellee.
HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
MILLER-LERMAN, J.

NATURE OF CASE
Appellants, Ray D. Nuss and Sandra Fox, special administrators of the estate of *265 Curtis M. Nuss (the Estate), their late father, appeal an order of the district court for Adams County granting the motion to strike of appellee, Eugene M. Alexander, and dismissing appellants' second amended petition against Alexander. We reverse, and remand for further proceedings consistent with this opinion.

ALLEGATIONS IN SECOND AMENDED PETITION
There is no evidentiary record in this case, and therefore, we summarize the background based on the allegations in the second amended petition as supplemented by the transcript. Nuss died testate on March 14, 1993. Nuss was a retired farmer living in a nursing home in Blue Hill, Nebraska. Nuss' will was submitted for probate in the county court for Webster County. Alexander, an attorney in Hastings, Nebraska, was appointed personal representative of the Estate pursuant to the terms of Nuss' will.
It is alleged that Nuss had granted Alexander a durable power of attorney in 1987. In the 20 years preceding Nuss' death, it is alleged that Alexander had provided various legal services to Nuss, including defending Nuss on several alcohol-related misdemeanor charges, preparing tax returns, and handling some minor real estate matters. It is further alleged that Alexander also performed some personal, nonlegal services for Nuss, including occasionally taking him to the doctor or dentist, preparing checks, and simply visiting with Nuss.
Nuss' will devised all of his property to his five adult children. Appellants, as two of those children, requested the probate court to appoint them special administrators of the Estate. The court did so on May 2, 1995. As special administrators, appellants challenged the fee application submitted by Alexander and a second attorney, hereinafter referred to as "Probate counsel," for their services in administering the Estate. After a contested hearing, on February 16, 1996, the probate court awarded Alexander $1,500 in fees, and the court ordered the Estate to pay Probate counsel $6,000, plus $577.76 in costs. Based on the record, it appears that appellants did not request a review of this judgment by the Nebraska Court of Appeals.
Appellants thereafter petitioned the probate court to remove Alexander as the Estate's personal representative because, although more than 2 years had passed since Nuss' death, Alexander had failed to pay the Estate's taxes and had failed to timely complete and close the Estate. The probate court removed Alexander and appointed appellants as copersonal representatives of the Estate on May 9,1996.
On March 13, 1996, appellants filed a petition, as special administrators of the Estate, against Alexander. The instant appeal arises from the case initiated by appellants' filing of this petition in the district court for Adams County. In general, the allegations in the petition challenged the value of professional services Alexander had delivered to Nuss in his lifetime and purported to challenge the fees and costs the probate court had allowed in connection with the administration of the Estate. The petition has been amended twice.
With respect to their claim regarding the legal services that Alexander performed for Nuss, appellants alleged in their second amended petition that Alexander had charged and collected excessive fees from Nuss totaling more than $190,000. Appellants also alleged that in August 1991, Alexander induced Nuss to sign a promissory note for $65,000 for legal fees which Alexander claimed Nuss owed him. Appellants alleged that Alexander accepted $75,400 from Nuss on the note, thereby receiving an overpayment of $10,400, which Alexander did not refund to Nuss. Appellants alleged that they did not and could not have discovered the allegedly excessive fees Alexander charged and collected from Nuss until after appellants' appointments as the Estate's special administrators *266 in May 1995. As noted above, appellants commenced this action against Alexander in March 1996, within 1 year of the date they claimed to have discovered the excessive fees Alexander allegedly charged and collected from Nuss.
In their second amended petition, appellants also asked the district court to modify or reverse the probate court's order allowing aggregate fees and costs to Alexander and Probate counsel of $8,077.76.
In response to appellants' second amended petition, Alexander filed a pleading entitled "Motion to Strike From and to Make Plaintiffs' Second Amended Petition at Law More Definite and Certain ." This pleading states that it is brought under Neb.Rev.Stat. § 25-833 (Reissue 1995). In this motion, Alexander requested the district court to strike appellants' allegation pertaining to their discovery of the allegedly excessive fees, claiming that this allegation was "irrelevant and immaterial and conclusory in nature." Similarly, Alexander asked the court to strike appellants' allegations that Alexander collected excessive fees at the sale of Nuss' farm and that Alexander kept no records which documented the services he actually performed for Nuss. In this regard, for the sake of completeness, we note that in a copy of his deposition testimony appended to the second amended petition, Alexander admitted he maintained no such records. Alexander also sought to strike appellants' three purported "theories of recovery" which were denominated "Excessive Fees," "Recoupment," and "Damages" for the reason that these allegations and their reference to alleged damages sustained on February 16, 1996, as a result of the fees and costs awarded to Alexander and Probate counsel in the probate proceedings, were "irrelevant and immaterial and contain conclusory opinions."
In his motion to strike, Alexander further requested the district court to strike all allegations in appellants' second amended petition regarding the services Alexander had performed for Nuss and the fees he had collected therefor, because such events occurred beyond the 2-year statute of limitations for professional negligence actions provided for in Neb.Rev.Stat. § 25-222 (Reissue 1995) and were, therefore, time barred. In his motion to strike, Alexander further requested the court to order appellants to make their allegations more definite and certain regarding the nature and terms of the relationship between Alexander and Nuss, the basis upon which appellants claimed Alexander's fees were excessive, and the precise amount of fees which appellants alleged were excessive.
On June 13, 1997, the district court entered an order sustaining Alexander's motion to strike "in its entirety" and ordered appellants' second amended petition dismissed. The court neither referenced nor ruled upon Alexander's motion to make the second amended petition more definite and certain. In its June 13 order, the trial court interpreted appellants' allegations with respect to the fees charged Nuss to be a claim against Alexander for professional negligence governed by the 2-year statute of limitations found in § 25-222. The court concluded in its order that the statute of limitations had expired before appellants filed their petition. The trial court ordered that every allegation pertaining to services provided by Alexander to Nuss, and the fees collected therefor, be stricken. With respect to the allegations challenging the probate court's award of fees and costs to Alexander and Probate counsel, the trial court made no specific finding. With respect to the portions of Alexander's motion asking the court to direct appellants to make their second amended petition more definite and certain, the trial court made no ruling. The trial court's June 13 order dismissed appellants' petition without leave to replead because "they [appellants] cannot amend to correct their allegations."
From this order, appellants filed this timely appeal.

*267 ASSIGNMENT OF ERROR
Appellants claim that the trial court erred in granting Alexander's motion to strike portions of appellants' second amended petition and thereby dismissing the second amended petition.

STANDARD OF REVIEW
Whether a motion to strike a petition should be sustained and whether a petition should be dismissed are questions of law. Kramer v. Miskell, 249 Neb. 662, 544 N.W.2d 863 (1996). On questions of law, a reviewing court has an obligation to reach its own conclusions independent of those reached by the lower courts. Id.

ANALYSIS
Dismissal Based on Motion to Strike as Error.
In Nebraska, pleading practice is controlled by statute. Kramer v. Miskell, supra, citing Lammers Land & Cattle Co. v. Hans, 213 Neb. 243, 328 N.W.2d 759 (1983). Nebraska's system of code pleading requires, inter alia, a statement of the facts constituting a party's cause of action in ordinary and concise language without repetition and a demand for the relief which the party requests. Neb.Rev.Stat. § 25-804 (Reissue 1995). A petition need not state a cause of action or defense in any particular form as long as the petition states in a logical and legal manner the facts which constitute the cause of action, define the issues to which the defendant must respond at trial, and inform the court of the real matter in dispute. "It is the facts well pleaded, not the theory of recovery or legal conclusions, which state a cause of action." McCurry v. School Dist. of Valley, 242 Neb. 504, 511, 496 N.W.2d 433, 438 (1993).
Two Nebraska statutes permit the filing of a motion to strike: § 25-833 and Neb.Rev.Stat. § 25-913 (Reissue 1995). Section 25-833 provides that "redundant, scandalous or irrelevant matter" may be stricken from a pleading on a motion of the party prejudiced thereby. For purposes of § 25-833, we have defined "redundancy" as the needless repetition of material allegations or the inclusion of irrelevant matter. State ex rel. Beck v. Associates Discount Corp., 162 Neb. 683, 77 N.W.2d 215 (1956). Irrelevant matter prohibited by § 25-833 is matter that has no bearing upon the subject matter of the controversy, and it cannot affect the court's decision. State ex rel. Beck v. Associates Discount Corp., supra. Section 25-833 also provides that where a pleading's allegations are "so indefinite and uncertain that the precise nature of the charge or defense is not apparent," the court may order the pleading to be made more definite and certain by amendment. Alexander's motion to strike and make more definite and certain was filed under § 25-833.
An additional statute, § 25-913, authorizes the filing of a motion to strike pleadings from the court's files. Motions to strike filed pursuant to § 25-913 are aimed at petitions filed in violation of a court's order or a rule of practice or procedure prescribed either by statute or by the court in which the petition is filed. Kramer v. Miskell, supra; Hecker v. Ravenna Bank, 237 Neb. 810, 468 N.W.2d 88 (1991). Motions to strike pursuant to § 25-913 may also be filed where a party declines to amend the petition or refuses to follow the court's orders. Kramer v. Miskell, supra; Hecker v. Ravenna Bank, supra.
In the instant case, Alexander expressly invoked § 25-833 in his motion to strike portions of appellants' second amended petition and to make other portions of the petition more definite and certain. The trial court granted Alexander's motion to strike "in its entirety," finding that the 2-year statute of limitations for professional negligence claims applied to the second amended petition and that the statute of limitations had expired on all of Alexander's transactions with Nuss described in appellants' second amended petition. The trial court dismissed appellants' *268 second amended petition without specifically addressing the allegations regarding the award of fees and costs in the probate court and without ruling on Alexander's request to make the claims more definite and certain.
The trial court's order dismissing appellants' second amended petition based on Alexander's motion to strike was error. Motions to strike pursuant to § 25-833 are not a proper means by which to dismiss a party's petition. They do not replace a demurrer or motion which tests the sufficiency of the petition's allegations and which may lead to the termination of a lawsuit. Kramer v. Miskell, 249 Neb. 662, 544 N.W.2d 863 (1996); Hecker v. Ravenna Bank, supra. Accordingly, the trial court's order dismissing the second amended petition based on a motion to strike is reversed, and the cause is remanded in accordance with our further determinations presented later in this opinion.
Allegations of Excessive Fees.
In their second amended petition appellants alleged that before their appointment as special administrators of the estate, they had no ability to act on the estate's behalf or to discover Alexander's alleged excessive fees. Appellants argue to this court that the allegation of excessive fees relates to "professional malpractice," supplemental brief for appellants at 6, and that a cause of action for "professional malpractice" may be tolled under certain circumstances. Section 25-222 specifies that actions for professional negligence must be brought within 2 years of the date the negligence occurred, unless the negligence was not discovered and could not have been discovered within that 2-year period. In such cases, the action may be commenced within 1 year from the date of discovery of the negligence or of facts which would reasonably lead to discovery. Whether a claim for professional negligence could have been discovered within 2 years of the occurrence of the alleged negligence is a question of fact. Norfolk Iron & Metal v. Behnke, 230 Neb. 414, 432 N.W.2d 18 (1988); Interholzinger v. Estate of Dent, 214 Neb. 264, 333 N.W.2d 895 (1983).
As noted above, Alexander sought to strike the allegations pertaining to tolling and discovery of alleged excessive attorney fees and to make such allegations more definite and certain. Further, as noted above, in their supplemental brief, appellants argue that the second amended petition can be corrected to allege professional negligence and provide the reason why the controlling statute of limitations should be tolled. The trial court concluded that the allegations regarding tolling and discovery were "immaterial and irrelevant and conclusory in nature" and ordered them stricken. Based on the state of the pleadings before it, this ruling by the trial court was correct. At the time of the order striking the tolling and discovery allegations, there was no allegation or purported cause of action to which such allegations were relevant. We express no opinion as to whether such allegations would be relevant were appellants to replead a cause of action based on, inter alia, professional negligence.
In the instant appeal, we observe that appellants' second amended petition is somewhat unclear. In this regard, we note that in his motion to strike, Alexander requested the trial court to order appellants to state their claims with more definiteness and certainty. The trial court did not rule upon Alexander's motion to make the pleadings more definite and certain. Given the obliqueness of the allegations in the second amended petition pertaining to the legal significance of the allegedly excessive fees, the trial court should have granted the portion of Alexander's motion asking that this portion of the second amended petition be made more definite and certain.
In this case, the trial court's order dismissing appellants' second amended *269 petition was error, requiring a reversal and remand. We specifically determine that given the facts alleged in the second amended petition, the allegations pertaining to tolling and discovery of allegedly excessive attorney fees were not relevant and were properly stricken. We further conclude that given the lack of particularity surrounding the allegations regarding the claim of excessive attorney fees, the trial court should not have ignored Alexander's motion to make more definite and certain, but, on the contrary, should have granted this relief. Having determined that the trial court correctly struck certain of the allegations in the second amended petition but that appellants ought to have been ordered to make their allegation regarding excessive fees more definite and certain, we do not here consider the merits or likelihood of success of appellants' claims upon remand, for it is not the office of this court to render advisory opinions. See Kramer v. Miskell, 249 Neb. 662, 544 N.W.2d 863 (1996). The judgment is reversed, and the cause is remanded for treatment of the matter consistent with this opinion.
Allegations Challenging Award of Fees and Costs in Probate Court.
In their second amended petition, appellants asked the district court to modify or reverse the probate court's order awarding $8,077 .76 in fees and costs to Alexander and Probate counsel. At oral argument, appellants conceded that the district court lacked jurisdiction over such issue. See, Kerrigan & Line v. Foote, 5 Neb.App. 397, 558 N.W.2d 837 (1997), aff'd, In re Estate of Wagner, 253 Neb. 498, 571 N.W.2d 76 (1997). Accordingly, we make no further comment regarding these allegations.

CONCLUSION
The dismissal of the second amended petition alleging excessive fees based on a motion to strike was error. Accordingly, we reverse, and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.