WILLIAM S. MCCULLEY, APPELLANT, V. ANDREW ANDERSON, APPELLEE.

FILED NOVEMBER 8, 1929.  No. 26791.

106

*Shotwell & Ready,* for appellant.

*Wear, Moriarty, Garrotto & Boland, contra.*

Heard before Goss, C. J., Rose, Dean, Good, Thompson, Eberly and Day, JJ., and Redick, District Judge.

Rose, J.

This is an action to recover $40,000 in damages for personal injuries alleged to have been negligently inflicted by defendant while driving his automobile at an unlawful rate of speed into plaintiff's motor-cycle at the intersection of Forty-second and Leavenworth streets in Omaha—paved highways that cross each other at right angles. Leavenworth street between curbs is 40 feet wide and runs east and west. The width of Forty-second street between curbs is 25 feet and it runs north and south. Lengthwise on Leavenworth street there is a street car track on each side of the center. That street is a public thoroughfare designated by city ordinance as an "arterial highway" and drivers entering it from nonfavored cross streets are required, before doing so, to stop near the intersection at places indicated by stop signs.

The petition contains pleas that plaintiff, on a motor-cycle, approached Leavenworth street from the north on Forty-second street, came to a stop before entering it, observed it was free from traffic and carefully proceeded south on the right side of Forty-second street until his motor-cycle passed over the first street car track beyond the center of the intersection, when defendant, driving an automobile westward on the wrong side of Leavenworth street at an unlawful and dangerous speed collided with plaintiff, thus permanently injuring him and demolishing his motor-cycle.

In the answer to the petition defendant alleged the collision was not due to any negligence on his part. The answer also contained the defense that plaintiff's injuries and damages, if any, were "due entirely to his own gross negligence, carelessness and recklessness which caused and directly contributed" to the accident.

The reply contained a denial of unadmitted facts pleaded in the answer.

From judgment on a verdict in favor of defendant, plaintiff has appealed.

The failure of the trial court to instruct the jury that negligence of plaintiff, if any, would not prevent a verdict in his favor unless it contributed to or caused the collision is assigned as error and presented on appeal as a ground for reversal. The principle of law invoked was stated in a former opinion as follows:

"The plaintiff's negligence will not defeat a recovery unless it was the sole cause of the plaintiff's injury, or concurred or co-operated with the defendant's negligence as a proximate cause of the accident." *McGahey v. Citizens R. Co.*, 88 Neb. 218.

The trial court did not give an instruction on this feature of the case. Was the omission erroneous? The solution of the question requires an examination of the evidence. Eye-witnesses called by plaintiff testified positively that he stopped on Forty-second street at the place indicated by the stop sign and started directly south across the west side of the intersection when clear of traffic and when defendant was east of it on Leavenworth street; that plaintiff, after stopping, was first to enter the intersection, but did not proceed faster than five miles an hour; that he went south on the west side of Forty-second street; that defendant was east of Forty-second street when plaintiff entered the intersection. One witness testified in substance that she was driving west on Leavenworth street at the rate of 25 miles an hour; that defendant drove up behind her when she was nearing the intersection at Forty-second street, turned south to pass her, touched the fender of her automobile while going 35 or 40 miles an hour, went south of the center of Leavenworth street, turned north in front of her, zigzagged and ran into plaintiff's motor-cycle west of the intersection near the center of it; that she stopped her car and accosted defendant where his car stopped perhaps 60 feet from the point of impact, noticed the odor

of liquor on his breath, and told him the accident would not have happened if he had not been drinking. She said he admitted going too fast and she expressed the opinion that he was under the influence of liquor. The estimates of all eye-witnesses except defendant himself indicate that he exceeded a speed of 20 miles an hour in the intersection and some were of the opinion that his speed was as high as 35 or 40 miles an hour. There is evidence tending to show that defendant violated an ordinance forbidding him from driving an automobile while under the influence of liquor; an ordinance limiting speed to 20 miles an hour in the intersection; an ordinance against driving on the wrong side of the street; a law requiring the driver of a motor vehicle in a public street to exercise reasonable care to protect the rights of others in the lawful use of the same street. The evidence is clear that defendant's automobile, after the impact, ran toward the southwest, struck the curb on the south side of Leavenworth street west of Forty-second street, smashed a wheel when it struck the curb and stopped at a brick pillar approximately 60 feet from the point of collision. The violence of the impact and the distance the automobile traveled before coming to rest at the pillar tend to prove excessive speed. Plaintiff was thrown a considerable distance and fell on the pavement southwest of the center of the intersection. The circumstances generally tend to strengthen the testimony of plaintiff's eye-witnesses and to prove that the automobile struck the motor-cycle. It may fairly be inferred from the evidence adduced by plaintiff that the accident would not have happened if defendant had slackened his speed or had kept a direct course west on the north side of Leavenworth street instead of zigzagging across the intersection. Plaintiff made a *prima facie* case without disclosing any negligence on his part.

If plaintiff, after stopping as required by ordinance, entered the intersection and proceeded lawfully when it was clear of traffic, he had a legal right to assume that defendant, while approaching from the east, would likewise take

the precautions required by ordinance for the protection of others. Without warning or knowledge plaintiff was not bound to anticipate negligence on the part of defendant. 45 C. J. 954, sec. 512.

On the issue that plaintiff's injuries and damages, if any, were "due entirely to his own gross negligence, carelessness and recklessness which caused and directly contributed" to the accident, the burden of proof was on defendant. The law on this point, in connection with the *prima facie* case made by plaintiff, has been stated in the following language:

"If the defendant pleads that the plaintiff was guilty of contributory negligence, or that the accident resulted solely from his negligence, the burden is upon the defendant to prove those defenses, and does not shift during the trial of the case." *McGahey v. Citizens R. Co.*, 88 Neb. 218. To the same effect: *New Omaha Thompson-Houston Electric Light Co. v. Dent*, 68 Neb. 668; *Western R. Co. v. Williamson*, 114 Ala. 131; *Gordon v. City of Richmond*, 83 Va. 436; *Interstate R. Co. v. Tyree*, 110 Va. 38; *Punkowski v. New Castle Leather Co.*, 4 Penn. (Del.) 544; *Mac Feat v. Philadelphia, W. & B. R. Co.*, 5 Penn. (Del.) 52; *Texas & P. R. Co. v. Mayfield*, 23 Tex. Civ. App. 415; *Schmidt v. St. Louis R. Co.*, 149 Mo. 269.

Defendant assumed the burden of proving contributory negligence and testified in his own behalf, stating in substance that his rate of speed was 18 or 20 miles an hour; that he was first to enter the intersection; that plaintiff did not stop at the stop sign but shot out in front of defendant; that defendant's automobile did not run into the motor-cycle; that the motor-cycle ran into the automobile; that defendant turned toward the center of the street to avoid a collision. This version of the accident stands alone and is at variance with the testimony of five eye-witnesses.

Plaintiff did not request an instruction that his negligence, if any, would not defeat a recovery unless it contributed to or caused the collision but, in view of the *prima facie* case made by him, it was the duty of the trial court

to so instruct without such a request. *Clark v. Monroe County Fair Ass'n,* 203 Ia. 1107. Defendant was not entitled to a verdict unless negligence of plaintiff contributed to or caused his injuries. In a recent law text it was said:

"In order to be contributory negligence, such negligence must be a proximate cause of the injury. It must be proximate to the injury in the same sense in which defendant's negligent act or omission must have been proximate to the injury in order to give a right of action." 45 C. J. 972, sec. 528.

The failure to instruct the jury that contributory negligence as a defense must have contributed to or caused the injury was an error prejudicial to plaintiff.

There was also a failure to instruct the jury as to the relative or reciprocal rights and duties of plaintiff and defendant at the intersection of the arterial highway and the nonfavored street. Such rights and duties affect the question of proximate cause and the law applicable thereto should have been stated to the jury. Plaintiff entered the intersection on a nonfavored street on which the drivers of motor vehicles thereon had the same rights and duties. Defendant entered the same intersection on an arterial or favored highway created by ordinance. Defendant offered and the trial court admitted the ordinance in evidence. It provides that all vehicles approaching such arteries "shall come to a stop before entering the same." The abuse of the privilege extended to drivers on arterial highways and favored streets has resulted in an alarming harvest of injuries and death as shown by the reports of adjudicated cases. The rule in Louisiana has been stated in this form:

"The right of way established by municipal ordinance in favor of vehicles using certain streets is not an exclusive privilege, and it must be exercised with due regard to the right of other vehicles to use the intersecting streets." *Vance v. Poree,* 5 La. App. 109.

The supreme court of Alabama ruled:

"A city ordinance providing that vehicles going in cer-

tain directions should have the right of way over vehicles going in other directions does not mean that a vehicle not having the right of way at a crossing must at its peril avoid collision with a vehicle having a right of way, irrespective of care or negligence by either party." *Ray v. Brannan,* 196 Ala. 113.

. The federal court for the sixth circuit ruled as follows:

"Provision of a city ordinance that vehicles on main thoroughfares going in a general east and west direction shall have the right of way, as applied to automobiles, means only that, when two cars are approaching a street intersection, one on the main thoroughfare and the other on a crossing street, the latter shall give way to the other; but if there is no car on the main thoroughfare when one approaches it on an intersecting street, sufficiently near to demand this right of way, such provision has no application. It does not authorize reckless or careless driving on the main thoroughfares, without regard to the safety of crossing cars, and the driver of a car on an intersecting street has a right to assume that cars on the main thoroughfare will be operated in a lawful manner, at lawful speed, and with due care." *Bramley v. Dilworth,* 274 Fed. 267.

In Michigan the law is the same:

"If the circumstances are such as to induce in the mind of a driver of an automobile approaching a state trunk line highway intersection, acting as a reasonably prudent man, the belief that he had time and opportunity to cross before a vehicle approaching on said trunk line would reach the intersection, he cannot be said to be negligent because he makes the attempt to cross." *Pline v. Parsons,* 231 Mich. 466.

In Kentucky there is a similar rule or law:

"Driver of automobile traveling on servient highway need not yield to traveler on dominant highway except when two vehicles arrive at intersection at same time, even though lack of yielding may serve in some measure to interfere with the passage of a machine traveling on the dom-

inant highway." *Bradley v. Schmidt*, 223 Ky. 784.

With the exception of a required stop at an arterial highway, the principles of law applicable thereto as to right of way privileges are the same as those which apply to other streets.

"Right of one driving automobile on arterial street to assume that motor-cycle would be brought to stop before entering it did not give him right to travel in excess of established speed limits and·without regard to rights of persons first reaching intersection to enter or cross such street." *Thompson v. Fitzgerald*, (205 Cal. 563) 271 Pac. 1072.

On authority and reason an ordinance designating a street as an arterial highway and requiring drivers of motor vehicles to stop before entering it from intersecting thoroughfares does not grant an exclusive privilege to drivers on the favored artery or require those crossing it to do so at their peril regardless of the duty of motorists on all public highways to obey traffic regulations and exercise due care to protect the rights of others. Where a motorist on a nonfavored street stops at an intersecting arterial highway when the intersection is clear of traffic, looks to the right and left for approaching vehicles, acting as a reasonably prudent person in the exercise of due care would act in the belief that he has time and opportunity to safely cross, he is not liable for negligence merely because he attempts to do so.

On the issues of proximate cause, an inherent element in both the cause of action and the defense, the jury should not have been allowed to put their own interpretation on the ordinance designating Leavenworth street as an arterial highway and requiring motorists to stop before crossing it from intersecting streets.

Other assignments of error challenge the conduct of the trial judge in making comments from the bench in the presence of the jury. The comments relate to witnesses and testimony. It is argued by plaintiff that witnesses called by him and testimony in his behalf were thus dis-

credited. The witness Francis Baust, 15 years of age, testified that he saw the accident from the northwest corner of the intersection. After describing at considerable length how the accident occurred, as he saw it, and the facts relating thereto, he said in substance that he was within two feet of defendant in front of him before either left the scene of the collision and that "his face was red and his eyes were drooping." Answering the question, "And did you observe the odor of liquor upon his breath?" the witness said, without objection, "Yes, sir." On cross-examination he was asked: "Where did you smell this liquor that you were talking about?" The answer was: "Well, from his breath." The witness was then asked: "I mean where else, where had you ever smelled any liquor before?" After an objection by plaintiff the court said to counsel for defendant:

"Why did not you object to it at the time that it was admitted? The court would not have allowed this boy to testify on that subject if there had been any objection made."

There was nothing in the testimony of the witness or in the record to disqualify him as such. Testimony tending to prove that a person is under the influence of liquor may come from a nonexpert witness. The credibility of a witness and the weight of his testimony are questions for the jury and not for the court. The remarks quoted were erroneous and the record contains other errors of a similar nature. *In re Estate of Strelow,* 117 Neb. 168.

For the reasons given, the judgment of the district court is reversed and the cause remanded for a new trial according to law.

REVERSED.