DARRELL COBURN, APPELLEE, V. FRED LOETSCHER, APPELLANT.

FILED JUNE 16, 1932. No. 28208.

*Fred S. Berry* and *C. A. Kingsbury*, for appellant.

*McCarthy & McCarthy* and *Harry E. Siman, contra*.

Heard before Goss, C. J., Rose, Dean, Day and Paine, JJ.; and Horth, District Judge.

Paine, J.

This suit was brought for damages which resulted from a collision between two automobiles. The jury returned a verdict for $3,150. Twenty-five assignments of error are set out in the motion for new trial.

Darrell Coburn, plaintiff and appellee, brought suit against Fred Loetscher, defendant and appellant, for personal damages plaintiff sustained in an automobile accident, which occurred January 4, 1930, on the graveled state highway No. 9, two miles south of Allen, Dixon county, Nebraska.

For several years prior thereto, the plaintiff was affected with multiple sclerosis, an incurable progressive disease of the spinal cord and nervous system, which had so progressed in the case of the plaintiff as to interfere with the use of his arms and legs. He had been treated by doctors at Sioux City, Iowa, and Rochester, Minnesota. The plaintiff claims that, in addition to specific injuries suffered from being struck, the natural progress of this incurable disease was accelerated by reason of the accident.

The plaintiff contends that he approached this state highway from the west on a private road, driving a new 1930 model Ford sedan; that, upon reaching the west side of the state highway, he stopped, looked along the state highway to the north and south, saw no cars on the highway, and drove upon the highway for the purpose of crossing to the east side thereof; that the defendant came from the south at a rapid rate, and failed to stop or slacken speed, and collided with the plaintiff's atuomobile. As a result thereof, plaintiff was thrown from his automobile, rendered unconscious, seriously cut on the head, and his back and spine were injured so that he remained for a week in the hospital in Sioux City, Iowa, and was then confined to his home for a period of five

or six weeks by his injuries, and that ever since said accident he has suffered great pain and anguish, been unable to sleep, and unable to give the attention he formerly gave to his business of running a Ford garage, and that his condition due to multiple sclerosis after the accident became worse, which continued down to the time of the trial. The defendant's car, a Standard Buick, with wheels locked by the brakes, stopped some 50 feet away. Both cars could run on their power after the accident.

The defendant charges that his view of the plaintiff was obscured as he came out of the private driveway, which he did without stopping, and that after plaintiff came upon the highway he negligently brought his car nearly to a stop near the center of the road, leaving insufficient room for the plaintiff to pass, and that the accident was caused solely as the direct result of plaintiff's negligence and want of ordinary care. Defendant further charges that, because of plaintiff's bodily ailments and infirmities due to the disease which he had suffered for a long time, the plaintiff was not able to operate an automobile with ordinary skill and care.

It is insisted by the defendant that, where it appears beyond reasonable dispute that plaintiff's negligence was more than slight as compared with that of the defendant, there can be no recovery, but we do not believe such contention is supported by the evidence. This court has held: "Where a motorist on a nonfavored street stops at an intersecting arterial highway when the intersection is clear of traffic, looks to the right and left for approaching vehicles, acting as a reasonably prudent person in the exercise of due care would act in the belief that he has time and opportunity to safely cross, he is not liable for negligence merely because he attempts to do so." *McCulley v. Anderson*, 119 Neb. 105. And this is supported by *Pline v. Parsons*, 231 Mich. 466, in which it is held: "If the circumstances are such as to induce in the mind of a driver of an automobile approaching a state trunk line highway intersection, acting as a reason-

ably prudent man, the belief that he had time and opportunity to cross before a vehicle approaching on said trunk line would reach the intersection, he cannot be said to be negligent because he makes the attempt to cross." See, also, *Kemmish v. McCoid,* 193 Ia. 958.

Complaint is made of references to the fact that defendant was protected by indemnity insurance. In *Lewis v. Beckard,* 118 Neb. 533, a reversal was granted where counsel repeatedly enlarged upon this fact. However, in the case at bar, we do not believe the record justifies a reversal, and we adhere to the rule as stated in *Jennings v. Biurvall,* 122 Neb. 551.

When a person who is somewhat disabled by a progressive, incurable disease, which has made him less active, although he can still take care of the office end of his garage business and run a car as well as many other persons, and, while he is driving his car in a careful manner and within the rules of the road, he is struck by another car, a verdict of a jury, founded upon facts showing negligence upon the part of the driver of a car which hits him, will stand. There can be no question, from the evidence in this case, that the plaintiff suffered pain and anguish, and his former disabilities have been increased by this accident because the shock has made him more susceptible to the course of the disease by breaking down his power of resistance thereto. The jury had ample opportunity to see the plaintiff's condition while he was in the courtroom, and, after hearing the medical testimony, they returned a verdict for a portion of the amount sued for. We have examined all the assignments of error and the instructions to which complaint is made, and find no reversible error in the record, and the judgment is

AFFIRMED.