TERRY W. PITT, APPELLEE, v. CHECKER CAB COMPANY, A NEBRASKA CORPORATION, APPELLANT.

350 N.W.2d 507

Filed June 8, 1984. No. 83-407.

Frost & Meyers, for appellant.

Richard J. Rensch of Hansen, Engles & Locher, P.C., for appellee.

BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

The defendant below, Checker Cab Company, seeks reversal of the judgment entered pursuant to the jury's verdict in favor of the plaintiff-appellee, Terry W. Pitt, on the grounds that the trial judge's mistreatment of Pitt's counsel and misstatement of certain evidence deprived Checker Cab of a fair trial and resulted in an excessive verdict. We affirm.

This lawsuit arose out of an accident which occurred near 22d Street and Chandler Road in Bellevue. Both the vehicle driven by Pitt and the cab owned by Checker Cab were traveling east on Chandler Road, the cab following Pitt. There came

a time when the driver of the cab attempted to pass Pitt, Pitt made a left turn, and the vehicles collided. There was a dispute in the evidence as to whether Pitt had signaled his intention to turn left. There also were issues as to control, lookout, speed, and whether an attempt was being made by the cab driver to pass too close to or at an intersection.

Checker Cab's assignments of error are that the misconduct of the trial judge in (1) mistreating Pitt's trial counsel and (2) misstating Pitt's testimony during cross-examination by Checker Cab's trial counsel deprived Checker Cab of a fair and impartial trial. As a third assignment of error, Checker Cab claims the verdict is excessive and the result of passion and prejudice.

In connection with its first assignment of error, Checker Cab details the following exchanges made in the presence of the jury between the trial judge and Pitt's trial counsel:

[Pitt's trial counsel]: Do you recall being asked how the accident happened by Mr. Engles who was the lawyer taking your deposition that date?

[Witness]: Yes, I recall that.

[Pitt's trial counsel]: And do you recall your answer being —

[Judge]: All right. If you are going to use it, you are going to do it properly in this court. Was he asked this question and did he give this answer with no paraphrasing on behalf of counsel, and give the opposing counsel the page and line that you are reading from.

Again:

[Witness]: I recall that she did come to the scene of the accident and there may have been a conversation, but I do not recall any particular things that were discussed, except for the fact that she was concerned about her children.

[Pitt's trial counsel]: Do you specifically recall making the statement that —

[Checker Cab's trial counsel]: Your Honor, I am going to object.

[Judge]: Sustained.

[Pitt's trial counsel]: All I am trying to do is set a foundation.

[Judge]: I know what you are trying to do. The objection is sustained. Do you understand? S-u-s-t-a-i-n-e-d, sustained.

[Pitt's trial counsel]: Your Honor, may I ask at this time that you declare him a hostile witness?

[Judge]: I will not declare him a hostile witness, because there is no cause for it now. There is nothing that the Court views that is hostile about him.

[Pitt's trial counsel]: Just based on the fact that he was an employee of the defendant?

[Judge]: No, that doesn't declare him a hostile witness. You called him as your witness. You knew that before you called him.

[Pitt's trial counsel]: All right, your Honor.

Once again:

[Pitt's trial counsel]: Do you have a specific recollection as to whether or not Terry on those prior occasions used a left-hand turn signal?

[Checker Cab's trial counsel]: Your Honor, I will object.

[Judge]: The objection is sustained.

[Pitt's trial counsel]: Your Honor —

[Judge]: The objection is sustained.

[Pitt's trial counsel]: Have I not laid enough foundation?

[Judge]: The objection is sustained. It's totally immaterial.

[Pitt's trial counsel]: Your Honor, may I make an offer of proof?

[Judge]: You may do want [sic] you want to. It doesn't change the ruling of the Court.

Yet again:

[Pitt's trial counsel]: And then did you feel him slow down —

[Witness]: Yes.

[Pitt's trial counsel]: — before the turn?

[Witness]: Yes.

[Judge]: Would you let the witness testify, please?

[Pitt's trial counsel]: Excuse me, your Honor.

[Judge]: Don't apologize to me. The jury and I are going to have to rely on facts we hear from witnesses and what you say I pay no attention to.

And then again:

[Pitt's trial counsel]: Do you remember those being hospital expenses for the injuries?

[Judge]: They are all in evidence now. Why are you going into it?

[Pitt's trial counsel]: Judge, I just want to have him —

[Judge]: The jury can total them. There is an amount on them.

[Pitt's trial counsel]: All right, your Honor. That will be fine.

[Judge]: They are not incompetent. They can figure it out.

[Pitt's trial counsel]: I didn't say that they were, your Honor. No further questions.

Checker Cab's claim is that the numerous mistreatments of Pitt's trial counsel evoked sympathy for Pitt and deprived Checker Cab of a fair trial.

Whatever else a fair trial may demand, it requires at a minimum an impartial judge, an impartial jury, and an atmosphere of judicial calm. *Sunderland v. United States*, 19 F.2d 202 (8th Cir. 1927). To help achieve the calm required, counsel owe to the judge, because of the position he occupies, the utmost deference and respect, and the judge owes to counsel an equal obligation of courtesy, patience, and consideration. See *Sunderland v. United States, supra.*

Checker Cab correctly argues that the mistreatment of a lawyer by a judge may evoke in the jury sympathy for that lawyer and his client. *Apple v. State*, 190 Md. 661, 59 A.2d 509 (1948); *State v. Ahlfs*, 164 Minn. 110, 204 N.W. 564 (1925); *State v. Townley*, 149 Minn. 5, 182 N.W. 773 (1921), *cert. denied* 257 U.S. 643, 42 S. Ct. 54, 66 L. Ed. 413. This court has stated it is the duty of the judge, as well as the attorneys, to endeavor to surround the trial with an atmosphere of fairness, undisturbed by prejudice, passion, or ill will. *Langdon v. Loup River Public Power District*, 144 Neb. 325, 13 N.W.2d 168 (1944). We have pointed out that during the course of a trial, the judge should refrain from making remarks which may have a tendency to influence the jury. *Jones v. Foutch*, 203 Neb. 246, 278 N.W.2d 572 (1979); *Coyle v. Stopak*, 165 Neb. 594, 86 N.W.2d 758 (1957); *Moore v. State*, 147 Neb. 390, 23 N.W.2d 552 (1946). While we have recognized that there is no impropriety in a trial judge's interrogating a witness when the tendency is only to develop the truth and is not calculated to influence the jury, save as the testimony will assist it to arrive at a correct conclusion on the question at issue, we have admonished that the practice is one which should be very sparingly employed. Generally, counsel for the parties should be relied on to manage and bring out their own cases. The actions of the trial judge should never be such as to warrant any assertion that he assisted one or the other party. *Coyle v. Stopak, supra.*

As will be seen from the discussion which follows, this record does not present the question Checker Cab asks us to decide in connection with this assignment of error. We do observe, however, that whatever may be said of the trial judge's conduct, some of his comments were not entirely unprovoked. Counsel does not have the license to quarrel with a trial judge's evidentiary ruling. If the ruling is prejudicially erroneous, and is properly preserved

and presented to this court, an appropriate correction will be made on appeal.

The question as to whether the trial judge's conduct prejudiced Checker Cab's right to a fair trial is not before us for the reason that Checker Cab did not object to the conduct during the trial. *Steffen v. Ainsworth*, 211 Neb. 291, 318 N.W.2d 278 (1982), is the most recent restatement of the rule, which goes back at least to *Pittenger v. Salisbury & Almquist*, 125 Neb. 672, 251 N.W. 287 (1933), that a claim of improper conduct on the part of the trial judge in the presence of the jury will not be reviewed on appeal in the absence of a timely objection. A party ought not be allowed to gamble that the judge's conduct will inure to his benefit, and then complain that he guessed wrong. See *Wisnieski v. Coufal*, 191 Neb. 598, 216 N.W.2d 736 (1974), holding that a party could not complain of opposing counsel's known misconduct where he did not ask for a mistrial but, rather, consented to take the chance of a favorable verdict. See, also, *State v. Archbold*, ante p. 345, 350 N.W.2d 500 (1984), holding that failure to make a timely objection to testimony precluded review of its admissibility and justified denial of mistrial.

We conclude that the record does not sustain Checker Cab's first assignment of error.

With respect to its second assignment, Checker Cab calls our attention to the following testimony by Pitt during direct examination by his trial attorney in the presence of the jury:

[Pitt's trial counsel]: Do you recall whether or not you stopped at 22nd Street or you slowed down or anything like that to wait for the traffic?

[Pitt]: The best of my knowledge is I stopped and/or I was going slow, you know, or, you know, I stopped and then I started up again going slow to make the turn to 22nd Street.

[Pitt's trial counsel]: If you stopped, how long would you say that you stopped for —

[Pitt]: *Seconds.*
(Emphasis supplied.)

During the cross-examination of Pitt by Checker Cab's trial counsel, the following dialogue took place in the presence of the jury:

[Checker Cab's trial counsel]: So as you approached 22nd you said you stopped for a short time? I think in direct examination you said for *a few seconds.*

[Judge]: No, he said *one second.*

[Pitt]: Well, I'm sorry —

[Judge]: If you lawyers repeat testimony you should repeat it correctly.

[Checker Cab's trial counsel]: I may have been wrong.

[Judge]: I sat here and listened to it the same as the jury.

(Emphasis supplied.)

Checker Cab claims the trial judge's misstatement of Pitt's direct examination testimony constituted prejudicial error.

Checker Cab argues, citing *Hammock v. Sims*, 313 Mich. 248, 21 N.W.2d 118 (1946), that even the inadvertent misstatement by the trial judge of testimony regarding an important question of fact is reversible error. In *McCulley v. Anderson*, 119 Neb. 105, 227 N.W. 321 (1929), we held it was prejudicially erroneous for a judge to comment, concerning an objection made after the witness had answered, as follows: " 'Why did not you object to it at the time that it was admitted? The court would not have allowed this boy to testify on that subject if there had been any objection made.' " *Id.* at 114, 227 N.W. at 325. The court reasoned that the comment discredited the witness, a matter for the jury to determine, not the court.

Once again, however, the record does not present the issue Checker Cab wishes resolved. Not only did Checker Cab not object to the trial judge's misstatement of Pitt's testimony, it seemingly adopted the

judge's mistaken recollection. Checker Cab's second assignment fails for the same reason as did the first assignment.

In its last assignment Checker Cab urges that the $34,000 verdict is so excessive as to warrant reversal. To the extent that Checker Cab relies upon the conduct of the trial judge in so arguing, the matter is controlled by our rulings on the previous assignments of error and is resolved against its contention.

Before we need proceed to any other consideration, we must determine whether the verdict is in fact excessive. There was evidence from which the jury could find that the force of impact was such that the Pitt vehicle spun around twice and was quite extensively damaged. Pitt crashed into the door on the driver's side, bounced forward, and cracked the windshield. As a result, he injured his back and suffered a 20- to 25-percent permanent impairment to his body as a whole. He was 31 years old at the time of trial. He has received medical treatment, was unable to work for 2 weeks, has experienced difficulty sleeping and carrying on his duties as a chef, and has been restricted in other activities because of the pain in his back.

As we recently said in *Schaefer v. McCreary*, 216 Neb. 739, 345 N.W.2d 821 (1984), there is no formula for computing damages in a case such as this. In view of the evidence it cannot be said the verdict is so exorbitant as to be the result of passion, prejudice, mistake, or some other means not apparent in the record. It is only when, and not unless, those factors are present that a verdict may be set aside as excessive. *Caradori v. Fitch*, 200 Neb. 186, 263 N.W.2d 649 (1978).

The verdict in this case falls far short of meeting the test of excessiveness. Thus, Checker Cab's third and last assignment of error is without merit.

AFFIRMED.

KRIVOSHA, C.J., participating on briefs.