STATE OF NEBRASKA, APPELLEE, V. RONALD D. RICHTER, APPELLANT.

485 N.W.2d 201

Filed June 19, 1992.    No. S-90-1080.

Byron M. Johnson, Scotts Bluff County Public Defender, for appellant.

Don Stenberg, Attorney General, and Donald A. Kohtz for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

FAHRNBRUCH, J.

Ronald D. Richter appeals his Scotts Bluff County jury convictions and resultant sentences for driving while under the influence of alcohol and refusing to submit to a chemical breath test.

He received a sentence of 30 days in jail, a 6-month driver's license suspension, and a $500 fine on count I and the same on count II, with the jail sentences to run consecutively.

Richter appealed his county court convictions and sentences to the district court for Scotts Bluff County, where they were affirmed. The defendant then appealed to this court.

In his appeal to this court, Richter has assigned, in inverse order, that:

[1]. The [county court] erred in overruling the Defendant's motion for a new trial for the following

reasons:

a. The Court erred by instructing the jury that the asserting of constitutional rights by the Defendant was irrelevant.

b. The Court erred in admitting and submitting to the jury evidence relating to a refusal of chemical test of the breath without requiring and [sic] advisement by the officers to the Defendant that the constitutional rights asserted by the Defendant did not apply to the demand for a breath test.

c. The Defendant's refusal of the breath test was justifiable or reasonable.

2. The District Court [on appeal] erred in overruling Defendant's motion for recusal.

[3]. The sentence imposed upon the Defendant by the county judge, although within statutory limits was nevertheless excessive.

In reviewing a criminal conviction, an appellate court does not resolve conflicts of evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence. Such matters are for the finder of fact, and the verdict must be sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Towler, ante* p. 103, 481 N.W.2d 151 (1992).

Taking the view most favorable to the State, the evidence shows that on the evening of February 22, 1990, a Scottsbluff police officer began following a car being driven by Richter in an erratic manner after it left the parking lot of the Lucky Lady Saloon. The defendant's brother Gerald Richter was a passenger in the car. The officer testified that the car was weaving over the centerline and back to the curb. At one point, Richter weaved into another lane of the highway and forced another driver to brake, according to the officer.

After stopping Richter's car, the officer noticed that Richter had difficulty removing his driver's license from his wallet and that he removed a cigarette from his pocket and placed it in his mouth backwards. The officer testified that Richter's eyes were bloodshot, that he had trouble focusing, and that he swayed as he walked. Richter's vehicle contained two open cans of beer

and a pint bottle of schnapps which was one-quarter full. Richter was arrested after he refused to perform field sobriety tests requested by the officer.

The officer testified he drove Richter to the police station, read him an implied consent form, and asked him to take a breath test. The officer testified that Richter initially said he did not understand the implied consent advisement. The officer then reread part of the form, and for 30 to 40 minutes, the two discussed Richter's refusal to take the test. Richter told the officer that the test would be incriminating to him and that it was against his constitutional rights to take a test. Richter was charged with driving while under the influence of alcohol and refusal to submit to a chemical breath test.

The officer testified that Richter was not read his *Miranda* rights because such a procedure is not required under the implied consent rule. In giving a suspect a *Miranda* warning,

"law enforcement personnel must (1) inform the defendant of the right to remain silent, (2) explain that anything said can and will be used against the defendant in court, and (3) inform the defendant of the right to consult with a lawyer and to have a lawyer present during interrogation. . . ."

*State v. Twohig,* 238 Neb. 92, 108, 469 N.W.2d 344, 355 (1991) (citing *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966)).

After repeated questioning by defense counsel regarding the failure of the officer to advise Richter of his *Miranda* rights, the court sustained the State's objection that defense counsel was being argumentative. The court stated in the presence of the jury that *Miranda* rights do not apply, and were not relevant, to procedures regarding testing for drunk driving. Although a bench conference was had at this time, apparently in regard to the court's ruling, it was not preserved in the record.

Richter and his brother both testified that the only alcoholic beverage consumed by Richter throughout that day was one beer at the Lucky Lady Saloon. Each denied that Richter's driving was erratic. Richter testified that he understood the implied consent law to mean that "if I didn't take a breath test, the State automatically takes your license for six months."

The jury found the defendant guilty on both counts. The trial court overruled Richter's motion for a new trial.

When Richter appealed his convictions and sentences to the district court, he asked that Judge Alfred J. Kortum recuse himself from the case because one of Richter's brothers had accidentally driven his car into the judge's home in July 1989. Judge Kortum overruled the motion for recusal, stating that he did not hold the defendant responsible for the actions of his brother. The district court affirmed the judgment of the county court.

## FIRST ASSIGNED ERROR

In his first assignment of error, Richter claims the trial court erred in overruling his motion for a new trial. His argument in that regard is without merit.

In a criminal case, a new trial motion is addressed to the discretion of the trial court, and unless an abuse of discretion is shown, the trial court's determination will not be disturbed. *State v. Jensen*, 238 Neb. 801, 472 N.W.2d 423 (1991).

Richter first claims that the trial court erred in instructing the jury that his assertion of constitutional (*Miranda*) rights was irrelevant. The defendant also objects to the trial court's permitting evidence to be introduced relating to refusal of a chemical test without requiring an advisement of Richter by a police officer that his asserted constitutional right to a *Miranda* warning was inapplicable to the demand for a breath test.

Our cases have clearly held that unless there has been a commingling of the *Miranda* warning and the implied consent statute, a defendant's lack of understanding of the consequences of a refusal to take a chemical test is not a defense. See, *Wiseman v. Sullivan*, 190 Neb. 724, 211 N.W.2d 906 (1973); *State v. Green*, 238 Neb. 328, 470 N.W.2d 736 (1991). Here, the evidence is uncontroverted that the police did not commingle a *Miranda* warning with an implied consent advisement. As a matter of fact, Richter acknowledges in his brief that no *Miranda* warning was ever given him by the officer, and the officer testified Richter was never given a *Miranda* warning. Parts a. and b. of his first assigned error are meritless.

We need not address Richter's assigned error that his refusal of the breath test was justifiable or reasonable. No such error was assigned in Richter's appeal to the district court. An appellate court, in reviewing decisions of the district court which affirmed, reversed, or modified decisions of the county court, will consider only those errors specifically assigned in the appeal to the district court and again assigned as error in the appeal to the appellate court. *State v. Keller, ante* p. 566, 483 N.W.2d 126 (1992); *State v. Erlewine*, 234 Neb. 855, 452 N.W.2d 764 (1990).

## SECOND ASSIGNED ERROR

In his second assigned error, Richter claims the district court erred in overruling his motion for the judge's recusal. He argues that the district judge should have removed himself from the case because Richter's brother negligently drove his car into the judge's home in July 1989 and that under the circumstances, there was created the appearance or possibility of impropriety and that a question was raised as to the ability of the court to remain objective.

A motion requesting a judge to recuse himself on the grounds of bias or prejudice is addressed to the discretion of the judge, and an order overruling such a motion will be affirmed on appeal unless the record establishes bias or prejudice as a matter of law. *State v. Shepard*, 239 Neb. 639, 477 N.W.2d 567 (1991). A defendant seeking to disqualify a judge on the basis of bias or prejudice bears the heavy burden of overcoming the presumption of judicial impartiality. *Id.*

The record reflects that in overruling the motion for recusal, the judge stated, "I don't have any feeling one way or the other for Mr. Ronald Richter. I can't hold him responsible for what his brothers or relatives do and I don't." The defendant has not demonstrated that the record establishes bias or prejudice on the part of the judge as a matter of law. Richter's second assignment of error is without merit.

## THIRD ASSIGNED ERROR

In his third and final assignment of error, Richter complains that his sentences are excessive. On count I, Richter was given 30 days in jail, a 6-month license suspension, and a $500 fine,

and on count II the same, with the jail sentences to be served consecutively. This is within the statutory limits. See Neb. Rev. Stat. §§ 28-106(1) (Reissue 1989), 39-669.07 (Reissue 1988), and 39-669.08(4)(a) (Reissue 1988).

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Tejral, ante* p. 329, 482 N.W.2d 6 (1992). The record reflects that since his December 1987 release from the Wyoming penitentiary, Richter has had two DWI convictions in Arizona. In addition, Richter failed to complete an evaluation process at the Panhandle Mental Health Center which, according to the trial judge, would likely have resulted in a recommendation that Richter go to inpatient treatment and learn to deal with his drinking problem. The judge stated that "my main interest here is not so much punishment as trying to prevent your next drunk driving incident. And from your record, it's very obvious that you have an extremely severe drinking problem."

Richter's sentences are within statutory limits and do not constitute an abuse of discretion by the trial court. His third assigned error also has no merit.

AFFIRMED.