TERESA K. ROUBIDEAUX, APPELLANT, V. YVONNE K. DAVENPORT, M.D., APPELLEE.

530 N.W.2d 232

Filed April 7, 1995.   No. S–93–625.

Anita K. Gregerson, of Gregerson Law Office, and Teresa K. Roubideaux for appellant.

Mark E. Novotny and William M. Lamson, Jr., of Kennedy, Holland, DeLacy & Svoboda, for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ., and GRANT, J., Retired.

LANPHIER, J.

Teresa K. Roubideaux appeals from an order of the district court for Lancaster County dismissing her medical malpractice action against Yvonne K. Davenport, M.D. The district court granted Davenport summary judgment for the reason that Roubideaux failed to adduce expert medical testimony concerning the appropriate standard of care and Davenport's negligent departure from that standard. Roubideaux contends the district court erred in granting Davenport summary judgment because Davenport's affidavit contains contradictory statements which raise genuine issues of material fact. We agree with this contention, and therefore, we reverse the judgment of the district court and remand the cause for further proceedings.

## BACKGROUND

Roubideaux filed her second amended petition on January 5, 1993. In her petition Roubideaux alleged that she engaged Davenport, an obstetrician and gynecologist, to deliver her baby and then to perform a tubal ligation. The petition alleged that Davenport operated on Roubideaux on July 16, 1991, but cut, instead of fallopian tubes, round ligaments. Roubideaux's

petition also alleged that subsequent to the surgery, Roubideaux underwent an exploratory procedure called a hysterosalpingography, which revealed that both of her fallopian tubes were intact. Roubideaux alleged that in the course of a tubal ligation, the standard procedure is to examine the oviduct all the way to its fimbriated end to ensure that fallopian tubes, not round ligaments, are severed. Finally, Roubideaux alleged that Davenport failed to follow this standard procedure and that Davenport's deviation from this standard was the cause of the damages Roubideaux sustained.

On January 12, 1993, Davenport filed an answer denying that she negligently performed the surgery. On February 22, Davenport moved for summary judgment. On May 6, Davenport submitted her own affidavit in support of her motion. Attached to the affidavit are correspondence between Davenport and Roubideaux, medical records, and an excerpt from a medical treatise.

On May 6, Roubideaux's attorney filed an affidavit which stated that Roubideaux needed additional time to complete and forward from Colorado her affidavit in opposition to the motion for summary judgment. On May 13, the district court ordered that Roubideaux submit her affidavit in opposition to Davenport's motion for summary judgment within 10 days. On May 21, Roubideaux filed affidavits made by her and her husband. On June 18, the district court granted Davenport's motion and dismissed Roubideaux's action.

## ASSIGNMENTS OF ERROR

As summarized and restated, Roubideaux asserts through her assigned errors that the district court erred (1) in sustaining Davenport's motion for summary judgment and (2) in failing to grant Roubideaux a sufficient continuance to conduct necessary discovery.

## STANDARD OF REVIEW

In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Jim's, Inc. v. Willman, ante* p. 430, 527 N.W.2d 626 (1995). Moreover,

summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Id.*

A party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must furnish sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law if the evidence presented remains uncontroverted. *Id.* After the moving party has shown facts entitling it to judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents a judgment as a matter of law for the moving party. *Id.*

## SUMMARY JUDGMENT

Roubideaux contends the district court's granting of summary judgment was erroneous because Davenport failed to prove that no genuine issue of material fact exists. Roubideaux argues that Davenport's affidavit in support of the motion for summary judgment itself raises genuine issues of material fact. We agree.

In her affidavit, Davenport describes with particularity the procedure she performed on Roubideaux. She states:

> On or about July 16, 1991, affiant performed the minilaparotomy with bilateral tubal ligation for and on behalf of Plaintiff; with the consent of Plaintiff. At that time Plaintiff was taken to the operating room and given general anesthetic. She was placed in the supine position and the abdomen was prepped and draped in the usual manner. An infraumbilical skin incision was made and carried down through the subcutaneous tissue and fascia. The abdominal peritoneum was identified and open. The two retractors were placed within the incision and the uterine fundus was identified. Following inside the left tube was identified, grasped with an Allis clamp in its mid-portion. A rent was made in the mesosalpinx and a suture of 0 chromic was placed through this. The proximal portion of the tube was tied off. A second suture was

placed through the rent in the mesosalpinx and the distal portion of the tube tied off. An area of approximately one centimeter was excised between these two sutures. The area was inspected for bleeding and there was none. A similar procedure was carried out on the opposite site. The abdominal peritoneum was closed with a running suture of 2–0 chromic. The fascia was closed with 0 Vicryl. Subcutaneous tissue was closed with 4–0 Vicryl and the skin approximated with a subcuticular stitch of Dexon. Blood loss was minimal. The patient was taken to the recovery room in good condition.

This portion of her affidavit suggests that she excised portions of Roubideaux's fallopian tubes.

Later, in the same affidavit, however, Davenport suggests that round ligaments, not fallopian tubes, were excised. Davenport states:

Subsequent to the above–noted surgery, the tissue from the tubal ligation performed on Teresa Roubideaux by affiant was examined by John H. Casey, M.D. Upon clinical review by Dr. Casey, he discovered that the specimen removed from Teresa Roubideaux by affiant was not in fact representative of fallopian tubes.

Davenport then also states: "On September 5, 1991, affiant informed Teresa Roubideaux that the hysterosalpingogram showed tubal patency and, at that time, affiant discussed with Teresa Roubideaux a repeat bilateral tubal ligation."

Although the outcome of the operation is not necessarily determinative of whether Davenport committed medical malpractice, what happened during the operation is a material fact central to the issue of medical malpractice. There are thus contradictory statements contained in Davenport's affidavit about whether or not the fallopian tubes were severed during the tubal ligation surgery. The fact in issue, however, in and of itself, does not suggest malpractice.

But, in her affidavit Davenport states she identified Roubideaux's fallopian tubes. Although she does not state either how she did this or why—having identified the fallopian tubes— she severed round ligaments, she later makes a conclusory statement that she followed the appropriate standard of care.

Attached to Davenport's affidavit and a part of it is an excerpt taken from Kistner's Gynecology Principles & Practice (1990). In pertinent part, that excerpt states:

> Failure rate of most female sterilization methods is generally quoted as 2 per 1,000 operations performed. Most failures result from recanalization of the oviduct. However, if the procedure is hastily done without identifying the entire length of the oviduct to its fimbriated end, a round ligament could be mistaken for an oviduct.

Again, Davenport's affidavit is internally inconsistent. She concludes that she followed the appropriate standard of care. However, in her detailed explanation of the procedure she performed, she makes no mention of following the procedure set forth in the above–quoted excerpt attached to her affidavit. The excerpt states that failure to identify the entire length of the oviduct to its fimbriated end can lead to mistaking a round ligament for an oviduct. Viewing the evidence in a light most favorable to Roubideaux and giving her the benefit of all reasonable inferences, we find that it appears Davenport failed to properly identify the oviduct. Davenport again failed to meet the burden of a movant for summary judgment of proving that no genuine issues of material fact exist. Davenport's own affidavit raises an issue as to whether she in fact followed what she claims is the appropriate standard of care for tubal ligation surgery.

That Roubideaux has not yet adduced evidence supporting her allegations is of no consequence. In the absence of a prima facie showing by the movant that she is entitled to summary judgment, the opposing party is not required to reveal evidence which she expects to produce at trial to prove the allegations contained in her petition. *Hanzlik v. Paustian*, 211 Neb. 322, 318 N.W.2d 712 (1982), *overruled on other grounds, Anderson v. Service Merchandise Co.*, 240 Neb. 873, 485 N.W.2d 170 (1992).

Davenport has not made a prima facie showing that she is entitled to summary judgment. Genuine issues of material fact exist. Davenport has not met her burden as movant, and therefore, Roubideaux was not required to adduce evidence in support of the allegations in her petition.

Our holding on this issue obviates the need to address Roubideaux's other assigned error. For the foregoing reasons, the judgment of the district court is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.