KEVIN MIHM, APPELLANT, V.
AMERICAN TOOL, APPELLEE.
664 N.W.2d 27

Filed January 14, 2003.   No. A-02-608.

Roger D. Moore, of Rehm Bennett Law Firm, P.C., L.L.O., for appellant.

Walter E. Zink II and Jenny L. Panko, of Baylor, Evnen, Curtiss, Grimit & Witt, L.L.P., for appellee.

SIEVERS, INBODY, and MOORE, Judges.

SIEVERS, Judge.

Kevin Mihm appeals from an order of the Nebraska Workers' Compensation Court review panel reversing the trial judge's decision and remanding the case for a new trial with instructions for the trial judge to recuse himself.

## FACTUAL AND PROCEDURAL BACKGROUND

The Workers' Compensation Court trial judge awarded Mihm temporary and permanent benefits, past and future medical expenses, and vocational rehabilitation services after finding that Mihm suffered a hernia and back injury in the course of his employment with American Tool.

American Tool appealed to the review panel, assigning nine errors to the trial judge as grounds for its appeal. Of these grounds for appeal, we address only American Tool's claim that the trial judge should have recused himself after American Tool's motion in response to certain of the trial judge's comments.

Those comments, made at the outset of trial before any evidence had been produced, are as follows:

THE COURT: I'll receive [exhibit 49, a decision of the Nebraska Appeal Tribunal regarding Mihm's unemployment case].

One of the things I'm considering on a regular basis is what happens if [Mihm] loses his job with his current employer for any reason and has to go out into the general labor market and try to find a job. . . . Because he could lose his job because of a stock shuffle in New York.

I will tell you this: I know that American Tool at one time was Peterson. . . . And the Peterson family sold it to somebody who sold it to somebody else, who has sold it to somebody else. And they shuffle the stocks in New York City, and the plants close in Nebraska.

So I mean, I'll receive it, but one of the things I consider is that there is no guarantee that anybody is going to be working at the same place for more than a year or so, if that.

American Tool's attorney responded that the record did not contain any of the "facts" the court had recited in these comments and that considering such "facts" without evidence would amount to speculation. The following exchange between the court and American Tool's counsel then took place:

THE COURT: There's no guarantee that a particular employee has a contract for life with an employer, and if for some reason they shut down the plant, which is a real danger now today —

[Counsel for American Tool]: Well, Your Honor, if that's going to be the Court's position, then I'm going to file a formal motion to recuse.

THE COURT: I will write my opinion, and I will set forth the reasons why in my computation of the determination of any permanent loss of earning power, if there is

one. I've set forth those reasons on more than one occasion and have been affirmed.

[Counsel for American Tool]: Your Honor, just so the record is clear, may it please the Court, I'm going to formally move to recuse the Court in this particular case for one or more of the following reasons:

One, that the Court has indicated that it will take into account evidence as to [American Tool's] corporate status, its change of hands, whether that will have an effect upon [Mihm's] ability to secure employment or otherwise not secure employment, and — which is improper and requires the Court to engage in speculation and evidence that is certainly not in the record and, so far as I know, evidence that will not be in the record in this particular case;

And two, that the Court has prejudged that issue as to whether [Mihm] can secure employment elsewhere without hearing any evidence in this case. And for the Court to proceed in this matter prejudices [American Tool].

THE COURT: No, I think it's right for me to take into account the existence or the reasonable possibility of the existence of the employer. I think that's how — I'm going to overrule it.

And I have not taken into account the fact that this particular employer may or may not be around. I have not made that determination. But I usually write that there is no guarantee that it will be around, and that's a different fact from whether or not they will or will not, because they may not.

And whether or not that's speculation, I think that the Court of Appeals has ruled sometimes now more than once that it's not. And that's the way I compute it.

The trial judge overruled American Tool's motion to recuse and proceeded to hear and decide the case.

As we previously noted, American Tool appealed to a three-judge review panel of the Workers' Compensation Court. In its order of reversal and remand, the review panel applied the following standard regarding recusal: "The partiality of a judge may be established when the party claiming prejudice demonstrates that a reasonable person with knowledge of the circumstances of

the case would question the judge[']s impartiality under an objective standard of reasonableness, even though no actual bias or prejudice was proven." This standard was most recently announced in *Gibilisco v. Gibilisco*, 263 Neb. 27, 637 N.W.2d 898 (2002). The review panel held that the trial judge should have recused himself upon American Tool's motion. We quote from the panel's April 18, 2002, order of reversal and remand:

> There was no evidence regarding past or current ownership of [American Tool] or its current financial status. [American Tool's] counsel was immediately concerned regarding the impartiality of the trial judge and sought recusal, which was denied. Under an objective standard of reasonableness, we believe a reasonable person would have cause to question the trial court's impartiality and recusal is necessary.

Mihm appeals from this order.

## ASSIGNMENT OF ERROR

Mihm claims that the review panel erred in concluding that the trial court should have sustained American Tool's motion for recusal.

## STANDARD OF REVIEW

■ A motion to recuse for bias or partiality is initially entrusted to the discretion of the trial court, and the trial court's ruling will be affirmed absent an abuse of that discretion. *Gibilisco, supra.*

## ANALYSIS

Mihm argues that the trial judge claimed only that he would "consider" American Tool's ownership and financial status and that this does not amount to prejudgment or partiality. Brief for appellant at 14. In addition, Mihm claims that the general or open labor market is the correct standard in determining a claimant's entitlement to loss of earning capacity benefits.

■ However, the judge created an appearance of partiality and prejudgment in reciting specific "facts" about American Tool's ownership, how such ownership impacted a plant in Nebraska, and the "real danger" that the plant would close, even though he also stated that he would consider the general labor

market in assessing disability. See *Gibilisco, supra* (trial judge's premature custody determinations in mother's favor, when no evidence had been presented on those issues, would have led reasonable person to question judge's impartiality, which fact required judge's recusal). It is noteworthy that the *Gibilisco* court said it was more concerned with how a reasonable person would perceive the trial judge's actions than with the judge's actual bias. The *Gibilisco* court cited Canon 2 of the Nebraska Code of Judicial Conduct, which requires that a judge avoid impropriety and the appearance of impropriety in all activities, and Canon 3, which requires that a judge perform all duties impartially.

■ In arguing that the trial judge's comments did not demonstrate bias or prejudgment of the case, Mihm also quotes a statement by the judge, which statement is as follows: "I have not taken into account the fact that this particular employer may or may not be around. I have not made that determination." However, a trial judge should recuse himself or herself when a litigant demonstrates that a reasonable person who knew the circumstances of the case would question the judge's impartiality under an objective standard of reasonableness, *even though no actual bias or prejudice is shown. Gibilisco v. Gibilisco*, 263 Neb. 27, 637 N.W.2d 898 (2002).

■ As American Tool argues in its brief, the court behaved as an advocate in reciting certain "facts" about American Tool despite the absence of any evidence as to those "facts" at that point. A judge must be careful not to appear to act in the dual capacity of judge and advocate. *Jim's, Inc. v. Willman*, 247 Neb. 430, 527 N.W.2d 626 (1995), *disapproved on other grounds, Gibilisco, supra.* That is what the judge here appears to have been doing when he began the trial by making his own record about American Tool, its status and ownership, and whether its plant would remain open. No representative of American Tool could feel comfortable that an impartial trial was going to occur, after hearing the judge's opening remarks. However, what is determinative is that under the applicable standard, any reasonable person, knowing the circumstances of the litigation, would question the judge's impartiality.

Mihm's final argument is that American Tool waived "the Court's possible prior knowledge of the [geographic] area in

which [American Tool] operates." Brief for appellant at 16. According to Mihm, American Tool's counsel's statement that it "[d]oesn't make any difference" that the judge's wife was from Wilber, Nebraska, where American Tool operates, amounts to a waiver of American Tool's right to demand the judge's recusal. This is a flawed argument because the judge's disclosure that his wife was from Wilber is (or at least should be) a matter of no consequence and is a markedly different matter from the comments under discussion. When we maintain our focus on how the comments at issue impacted the appearance of whether the judge was impartial and openminded concerning American Tool, we do not hesitate to find that they indeed created the appearance of partiality.

American Tool promptly requested the judge's recusal after the court recited "facts" which any observer would take as unfavorable to American Tool. No waiver of American Tool's right to seek recusal resulted from its counsel's remark that it did not matter where the judge's wife grew up.

The trial judge should have recused himself after his commentary about American Tool. We, therefore, affirm the review panel's decision reversing the trial judge's decision and remanding the case for a new trial before a different judge of the Workers' Compensation Court.

AFFIRMED.